UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT, | CIV. NO. 24-00040 LEK-KJM |
| Plaintiff, | |
| vs. | |
| STATE OF HAWAI`I, JUDICIARY OF HAWAI`I, ANNALISA BERNARD-LEE, DANLYN KAPAKU, JESSICA TAKITANI-MOSES, CHRISTOPHER COBLE, SHELLY MIYASHIRO, WADE MAEDA, JOHN PELLETIER, JARED DUDOIT, JOSH GREEN, SYLVIA LUKE, DOES A THRU Z-999 | |
| Defendants. | |

**ORDER: GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT, FILED FEBRUARY 1, 2024; AND DISMISSING PLAINTIFF'S COMPLAINT WITH LIMITED LEAVE TO AMEND**

On March 6, 2024, Defendants Josh Green ("Governor Green") and Sylvia Luke ("Lieutenant Governor Luke" and collectively "State Defendants") filed their Motion to Dismiss Complaint, Filed February 1, 2024 ("Motion"). [Dkt. no. 9.] On March 18, 2024, pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed a document titled "Motion to Deny Defendant's Council's MOTION TO DISMISS COMPLAINT 'Doc 9'; Answer and Rebuttal to Same." [Dkt. no. 16.] Plaintiff's filing is construed as his memorandum in opposition to the State Defendants' Motion. The State Defendants filed their reply

memorandum on April 3, 2024. [Dkt. no. 20.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The State Defendants' Motion is granted in part and denied in part for the reasons set forth below. The Motion is granted insofar as Plaintiff's complaint is dismissed in its entirety and insofar as some of Plaintiff's claims are dismissed with prejudice. The Motion is denied insofar as Plaintiff is granted limited leave to file an amended complaint in the instant case and insofar as Plaintiff is granted limited leave to file a new action, if appropriate after the state court criminal proceeding against him has concluded.

<u>**BACKGROUND**</u>

Plaintiff's complaint in this case states that he is seeking monetary damages and injunctive relief pursuant to, *inter alia*, Title 28 United States Code Sections 1331 and 1332, Title 42 United States Code Section 1983; and the Federal Tort Claims Act. <u>See</u> "FEDERAL TORT CLAIM re: Deprivation of Right Under Color of Law; Breach of Contract, trespass, Failure to Respond; Civil Rights Violation Under Title 42; Constitutional Question per FRCP Rule 5.1" ("Complaint"), filed 2/1/24 (dkt. no. 1). He brings his claims against Defendants State of Hawai`i ("the State"), the State Judiciary ("the Judiciary"), Annalisa

Bernard-Lee, Danlyn Kapaku, Jessica Takitani-Moses, Christopher Coble, Shelly Miyashiro, Danny Kapaku, Wade Maeda, John Pelletier, Jared Dudoit, and the State Defendants. <u>See</u> Complaint at PageID.2.[1]

Plaintiff describes himself as, among other things, "a living soul," "a self-governed man," "a man of peace on the land"; [<u>id.</u> at PageID.3;] and "a foreign entity" who has "protection from" and is "out of control" of the State and the Judiciary "under the Foreign Sovereignty Immunity Act 1967," [<u>id.</u> at PageID.10]. He also alleges he "can not be compelled to abide by [the Hawai`i Revised Statutes] as they do not apply to" him. [<u>Id.</u> at PageID.9.]

The crux of Plaintiff's case is his allegation that the State trespasses on his rights, and the rights of others, by requiring people to have "a driver's license to travel the public ways, which is a common law right and liberty . . . ." [<u>Id.</u> at PageID.12.] He also argues a private person who operates a vehicle for travel should not be required to have a driver's

---

[1] Although the caption of the Complaint refers to "Danny Kapaku," there is no reference in text of the Complaint to Danny Kapaku. The reference in the Complaint's caption to "Danny Kapaku" appears to be an erroneous second reference to Defendant Danlyn Kapaku. The caption also erroneously refers to Jessica Takitani-Moses as "Jesica Takitani-Moses," to Defendant Wade Maeda as "Wade Meada," and to Defendant Annalisa Bernard-Lee as "Annalisa Beranard-Lee."

license because only a driver conducting commercial activity is subject to examination. See id. at PageID.12-13 (some citations omitted) (citing Haw. Rev. Stat. § 286-108(a)-(d); Haw. Rev. Stat. § 286-240(a)-(m)). Further, Plaintiff contends the State requirement that a private vehicle bear a registration tag "converts ownership" of the vehicle to the State. See id. at PageID.17. He contends that Governor Green, when he was the Lieutenant Governor, and Lieutenant Governor Luke[2] have been served with notice that the driver's license and registration laws are invalid, but the State has failed to change the laws. See id. at PageID.7-8, PageID.16.

In addition, the Complaint refers to 2DTC-23-04182 as an associated case. See, e.g., id. at PageID.8. According to the State of Hawai`i Judiciary's docket sheet, Case Number 2DTC-23-04182 is State v. Jeffrey Steven, a traffic crime case pending in the State of Hawai`i Second Circuit Court, Wailuku Division ("the state court"). Plaintiff argues the prosecution of Case Number 2DTC-23-04182 constitutes a trespass upon his "right to travel the public / common ways without license and the right to be left alone." See Complaint at PageID.16. He apparently argues that, during the course of Case Number 2DTC-23-004182, he provided the State with notice that the driver's license and

---

[2] Plaintiff describes Lieutenant Governor Luke as the "Secretary of State." See, e.g. Complaint at PageID.8.

registration laws are invalid, but the State failed to rebut or respond to the notices. See id. Reading the Complaint as a whole, it appears that the traffic offenses that Plaintiff is charged with in Case Number 2DTC-23-004182 relate to Plaintiff's alleged driving without a license and without vehicle registration.

Defendant Annalisa Bernard-Lee is a state court judge presiding over Case Number 2DTC-23-004182 ("Judge Bernard-Lee"). See, e.g., id. at PageID.11. Defendants Wade Maeda ("Maeda"), John Pelletier ("Pelletier"), and Jared Dudoit ("Dudoit") are "Police Force agents" who were involved in the events giving rise to Case Number 2DTC-23-004182. See id. at PageID.8-9. Defendants Jessica Takitani-Moses ("Takitani-Moses"), Christopher Coble ("Coble"), and Shelly Miyashiro ("Miyashiro") are prosecuting attorneys involved in the case;[3] and Defendant Danlyn Kapaku ("Kapaku") is the state court's Clerk of Court. See id.

Plaintiff appears to argue that, because the State had adequate notice that the driver's license and registration laws are invalid, the enforcement of those laws against him violated his rights, and the defendants are liable for his damages,

---

[3] Takitani-Moses, Coble, Miyashiro, Maeda, Pelletier, and Dudoit will be referred to collectively as "the County Defendants."

5

pursuant to Title 42 United States Code Sections 1983, 1985, and 1986. See id. at PageID.16-17. He also seeks injunctive relief requiring the State to, among other things:

-amend Hawai`i Revised Statutes Chapter 286 and Chapters 231 through 257 so that they are consistent with what Plaintiff argues is "the right to travel without license"; see id. at PageID.17;

-"immediately provide automobile plates . . . for identification so that [Plaintiff and others like him] are not harassed for simply traveling"; see id. at PageID.18;

-provide identification cards to Plaintiff, and anyone else who makes a similarly supported petition, recognizing that "they are not US Citizens, Residents or that they are of a protected class such as ambassadors, Kanaka Maoli, foreign agents as defined in Title 18 U.S. Code §112, American-state Nationals, statesman et al" so that they are not harassed when they exercise their rights and liberties, including their right to travel without a license, id.

The State Defendants bring the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). [Motion at 2.] The State Defendants argue Plaintiff's Complaint should be dismissed because: (1) Plaintiff's claims are based upon frivolous legal theories; (2) any claims against the State Defendants in their official capacities or against any State entities are barred by the Eleventh Amendment; (3) Plaintiff's Section 1983 claims against the State Defendants in their individual capacities fail because he does not allege their specific participation or intent; (4) the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure; and (5) this Court should abstain under the doctrine set forth in

6

<u>Younger v. Harris</u>, 401 U.S. 37 (1971). [Motion, Mem. in Supp. at 2.] The State Defendants seek dismissal with prejudice. [<u>Id.</u> at 17.]

**DISCUSSION**

**I.   <u>The Claims Asserted in this Case</u>**

At the outset, this Court notes that Plaintiff clearly attempts to assert claims under Sections 1983, 1985, and 1986. <u>See</u> Complaint at PageID.15. However, it is unclear what other claims, if any, Plaintiff is attempting to assert. Plaintiff states there is a claim in this case under the Federal Tort Claims Act ("FTCA"), <u>see</u> <u>id.</u> at PageID.4, but the FTCA "provides liability only in 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred,'" <u>Lane v. United States</u>, CIV. NO. 20-00207 LEK-RT, 2024 WL 4555878, at *4 (D. Hawai`i Oct. 23, 2024) (quoting 28 U.S.C. § 1346(b)(1)). Because Plaintiff has not alleged any tort claims against the United States of America, the FTCA does not apply. Plaintiff also cites a number of other federal statutes, including: Title 18 United States Code Section 1513(d), (e), (f); [Complaint at PageID.4;] and the Administrative Procedure Act of 1946 ("APA"), [<u>id.</u> at PageID.7]. However, none of the federal statutes cited in the Complaint authorizes an individual to bring a civil action to enforce that statute.

7

Plaintiff also asserts there is diversity jurisdiction in this case, which suggests that he is asserting claims under Hawai`i law. See id. at PageID.4. The title of the Complaint refers to breach of contract and trespass. See id. at PageID.3. However, even liberally construing the Complaint,[4] it does not plead the elements of a breach of contract claim or a trespass claim under Hawai`i law. See Calipjo v. Purdy, 144 Hawai`i 266, 273, 439 P.3d 218, 225 (2019) (listing the elements of a breach of contract claim as: "[o]ne, the existence of the contract; and, two, plaintiff's performance; and, three, defendants' failure to perform an obligation under the contract; and, four, defendants' failure to perform the legal cause of damage to plaintiff's [sic]; and, five, the damage was of the nature and extent reasonably foreseeable by defendants at the time the contract was entered into" (some alterations in Calipjo)); Spittler v. Charbonneau, 145 Hawai`i 204, 210, 449 P.3d 1202, 1208 (Ct. App. 2019) ("One is subject to liability to another for trespass, irrespective of whether [they] thereby cause[] harm to any legally protected interest of the other, if [they] intentionally (a) enter[] land in the possession of the other, or cause[] a thing or a third person to do so, or (b) remain[]

---

[4] Because Plaintiff is proceeding pro se, his Complaint must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

on the land, or (c) fail[] to remove from the land a thing which
[they are] under a duty to remove." (alterations in Spittler)
(quoting Restatement (Second) of Torts § 158)). Plaintiff's
Complaint does not appear to assert any other claims under
Hawai`i law.

Thus, even liberally construed, Plaintiff's Complaint
only alleges claims under Section 1983, 1985, and 1986.

## II.  **Eleventh Amendment**

Turning to the arguments in the Motion, this Court
first addresses the State Defendants' Eleventh Amendment
immunity argument. "The ultimate guarantee of the Eleventh
Amendment is that nonconsenting States may not be sued by
private individuals in federal court." Bd. of Trs. of Univ. of
Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation omitted);
see also U.S. Const., amend. XI. "It is well established that
agencies of the state are immune under the Eleventh Amendment
from private damages or suits for injunctive relief brought in
federal court." Sato v. Orange Cnty. Dep't of Educ., 861 F.3d
923, 928 (9th Cir. 2017) (citation and quotation marks omitted);
see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,
506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor
agencies acting under its control may be subject to suit in
federal court." (citations and internal quotation marks
omitted)).

> Although sovereign immunity bars money
> damages and other retrospective relief against a
> state or instrumentality of a state, it does not
> bar claims seeking prospective injunctive relief
> against state officials to remedy a state's
> ongoing violation of federal law. Ex Parte Young,
> 209 U.S. 123, 149-56, 28 S. Ct. 441, 52 L. Ed.
> 714 (1908); see also Quern v. Jordan, 440 U.S.
> 332, 337, 99 S. Ct. 1139, 59 L. Ed. 2d 358
> (1979);[5] Agua Caliente Band of Cahuilla Indians
> v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000).
> The Young doctrine allows individuals to pursue
> claims against a state for prospective equitable
> relief, including any measures ancillary to that
> relief. Green v. Mansour, 474 U.S. 64, 68-71, 106
> S. Ct. 423, 88 L. Ed. 2d 371 (1985). To bring
> such a claim, the plaintiff must identify a
> practice, policy, or procedure that animates the
> constitutional violation at issue. Hafer v. Melo,
> 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d
> 301 (1991); Monell v. N.Y.C. Dep't of Soc.
> Servs., 436 U.S. 658, 690 & n.55, 98 S. Ct. 2018,
> 56 L. Ed. 2d 611 (1978).

Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865

(9th Cir. 2016) (some citations omitted).

Thus, "[s]tates, their agencies, and their officials

in their official capacities are immune from damage suits under

state or federal law by private parties in federal court unless

there is a valid abrogation of that immunity or an unequivocal

express waiver by the state." Monet v. Hawai`i, Civ. No. 11-

00211 SOM/RLP, 2011 WL 2446310, at *4 (D. Hawai`i June 14, 2011)

(some citations omitted) (citing Sossamon v. Tex., 131 S. Ct.

---

[5] Quern was overruled on other grounds by Hafer v. Melo, 502
U.S. 21 (1991). See, e.g., Gonzalez v. Cal. Highway Patrol,
No. 1:20-cv-01422-DAD-JLT, 2021 WL 3287717, at *4 (E.D. Cal.
Aug. 2, 2021).

1651, 1658 (2011)). "A state generally waives its immunity when
it voluntarily invokes [federal] jurisdiction or . . . makes a
'clear declaration' that it intends to submit itself to
[federal] jurisdiction." In re Bliemeister, 296 F.3d 858, 861
(9th Cir. 2002) (alterations in Bliemeister) (citation and
internal quotation marks omitted).

        The State has not waived its sovereign immunity from
Section 1983 claims generally, and Congress did not abrogate
state sovereign immunity when it enacted Section 1983. See,
e.g., Sheikh v. Hawai`i Dep't of Hum. Servs., Civil No. 12-00701
DKW-BMK, 2014 WL 1322496, at *2 (D. Hawai`i Mar. 31, 2014)
(citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66
(1989)). Similarly, this Court is not aware of any abrogation by
Congress or waiver by the State as to Section 1985 claims or
Section 1986 claims. See, e.g., Daniels v. Novant Health, Inc.,
Case No. 22-cv-00295-DKW-WRP, 2023 WL 3434933, at *3 (D. Hawai`i
May 12, 2023) (discussing § 1985); Cole v. Hawai`i, No. Civ. 05-
00325 JMS/BMK, 2006 WL 278595, at *3 (D. Hawai`i Jan. 25, 2006)
(discussing §§ 1981, 1983, 1985, and 1986).

        Plaintiff does not expressly state whether he is suing
the State Defendants in their individual capacities, their
official capacities, or both. This Court liberally construes the
Complaint as naming the State Defendants in both their
individual and official capacities. To the extent that Plaintiff

                              11

asserts Section 1983, 1985, and 1986 claims for damages against
the State Defendants in their official capacities, he fails to
state a plausible claim for relief because they have Eleventh
Amendment immunity from such claims. See Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009) ("To survive a motion to dismiss, a
complaint must contain sufficient factual matter, accepted as
true, to state a claim to relief that is plausible on its face."
(citation and internal quotation marks omitted)). Further,
because it is absolutely clear that Plaintiff cannot cure the
defect in his Section 1983, 1985, and 1986 claims for damages
against the State Defendants in their official capacities, the
dismissal must be with prejudice, i.e., without leave to amend.
See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)
(per curiam) ("Unless it is absolutely clear that no amendment
can cure the defect, however, a pro se litigant is entitled to
notice of the complaint's deficiencies and an opportunity to
amend prior to dismissal of the action." (citations omitted)).

      As noted above, the Eleventh Amendment does not
preclude Plaintiff's Section 1983, 1985, and 1986 claims for
prospective injunctive relief against the State Defendants in
their official capacities, nor does it preclude his claims for
damages against the State Defendants in their individual
capacities.

## III. *Younger* Abstention

This Court next turns to the State Defendants' Younger abstention argument. This district court has stated,

> a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Under Younger, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).
>
> Younger abstention is appropriate when state court proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise the constitutional claims. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);[6] Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). When Younger is satisfied, a federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. See Baffert, 332 F.3d at 617.

---

[6] Younger and subsequent cases applying the Younger analysis, such as Middlesex County Ethics Commission, have been limited to "three exceptional categories" of cases: "ongoing state criminal prosecutions"; "certain civil enforcement proceedings"; and "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (alteration, citations, and internal quotation marks omitted). Because Plaintiff's state court case falls with the first category, the traditional Younger analysis applies.

McCoy v. Sequeira, CIV. NO. 20-00384 DKW-RT, 2020 WL 5604031, at
*3 (D. Hawai`i Sept. 18, 2020) (some citations omitted).

        In considering the State Defendants' Younger
abstention argument, this Court takes judicial notice of the
state court traffic crime proceeding against Plaintiff, Case
Number 2DTC-23-04182.

          Generally, district courts may not consider
          material outside the pleadings when assessing the
          sufficiency of a complaint under Rule 12(b)(6) of
          the Federal Rules of Civil Procedure. Lee v. City
          of Los Angeles, 250 F.3d 668, 688 (9th Cir.
          2001).[7] When "matters outside the pleading are
          presented to and not excluded by the court," the
          12(b)(6) motion converts into a motion for
          summary judgment under Rule 56 [of the Federal
          Rules of Civil Procedure]. Fed. R. Civ. P. 12(d).
          Then, both parties must have the opportunity "to
          present all the material that is pertinent to the
          motion." Id.

Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th
Cir. 2018). Judicial notice under Rule 201 of the Federal Rules
of Evidence is one of the exceptions to this general rule. Id.

          Judicial notice under Rule 201 permits a
          court to notice an adjudicative fact if it is
          "not subject to reasonable dispute." Fed. R.
          Evid. 201(b). A fact is "not subject to
          reasonable dispute" if it is "generally known,"
          or "can be accurately and readily determined from

_____

        7 Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26
(9th Cir. 2002), overruled Lee on grounds not relevant to the
issues presented in the instant Motion. See, e.g., Cortez v.
Klique Car Club, Inc., Case No. 2:23-cv-07210-MEMF-MAA, 2024 WL
988374, at *1 (C.D. Cal. Mar. 6, 2024). Galbraith was abrogated
on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544
(2007). See, e.g., Higa v. Kobayashi, CIV. NO. 19-00664 LEK-WRP,
2020 WL 2027290, at *4 (D. Hawai`i Apr. 27, 2020).

sources whose accuracy cannot reasonably be
questioned." Fed. R. Evid. 201(b)(1)-(2).

Accordingly, "[a] court may take judicial
notice of matters of public record without
converting a motion to dismiss into a motion for
summary judgment." Lee, 250 F.3d at 689
(quotation marks and citation omitted). But a
court cannot take judicial notice of disputed
facts contained in such public records. Id.

Id. at 999 (some alterations in Khoja). Public records that a

district court can take judicial notice of include "documents

filed with courts, 'both within and without the federal judicial

system, if those proceedings have a direct relation to the

matters at issue.'" Bartolotti v. Maui Mem'l Med. Ctr., Civil

No. 14-00549 SOM/KSC, 2015 WL 4545818, at *3 (D. Hawai`i

July 28, 2015) (quoting United States v. Borneo, Inc., 971 F.2d

244, 248 (9th Cir. 1992)). This Court therefore takes judicial

notice of Case Number 2DTC-23-04182, but this Court does not

take judicial notice of any disputed facts within the filings of

that case.

According to the state court's records, Case

Number 2DTC-23-04182 is scheduled for an arraignment and plea on

January 7, 2025. Thus, the first requirement for Younger

abstention is met because Case Number 2DTC-23-04182 is ongoing.

The second requirement is also met because the State

of Hawai`i "has an important interest in enforcing its criminal

laws and maintaining the integrity of its criminal proceedings."

15

See McCoy, 2020 WL 5604031, at *3 (citing Pennzoil Co. v.
Texaco, Inc., 481 U.S. 1, 13 (1987) (explaining that enforcement
of state court judgments and orders implicates important state
interests); California v. Mesa, 813 F.2d 960, 966 (9th Cir.
1987) ("[A state's] ability to protect its citizens from
violence and other breaches of the peace through enforcement of
criminal laws is the centermost pillar of sovereignty.")).

        As to the third Younger requirement, Plaintiff will
have adequate opportunities in connection with Case Number 2DTC-
23-04182 to bring challenges to state statutes that he is
accused of violating. Nothing in the allegations of the instant
Complaint or in his memorandum in opposition to the Motion
suggests that Plaintiff cannot further challenge the state
court's rulings regarding the validity of the statutes after the
resolution Case Number 2DTC-23-04182 when he takes his direct
appeal to the Hawai`i appellate courts. See McCoy, 2020 WL
5604031, at *3 ("'The "adequate opportunity" prong of Younger
. . . requires only the absence of "procedural bars" to raising
a federal claim in the state proceedings.'" (alteration in
McCoy) (quoting Commc'ns Telesystems Int'l v. Cal. Pub. Util.
Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999))).

        Thus, all of the requirements for Younger abstention
are present in this case. Plaintiff has not alleged any facts
which indicate: that the prosecution is litigating Case

16

Number 2DTC-23-04182 in bad faith; that the state courts are
handling Case Number 2DTC-23-04182 in bad faith; or that there
are other extraordinary circumstances which warrant an exception
to the Younger abstention doctrine. See Baffert, 332 F.3d at
617. This Court must therefore abstain from interfering with
Case Number 2DTC-23-04182 at this time. Cf. McCoy, 2020 WL
5604031, at *3 ("The Court must abstain from interfering in
McCoy's ongoing state criminal proceedings until they are
concluded through direct appeal.").

　　　　As currently pled, the remaining claims in the
Complaint against the State Defendants all interfere with the
ongoing traffic crime proceedings in the state court.
Plaintiff's Section 1983, 1985, and 1986 claims must be
dismissed without leave to amend in the instant case. However,
the dismissal is without prejudice to the refiling of the claims
in a new and separate action, if the claims are appropriate
after the conclusion of Case Number 2DTC-23-04182.

## IV.　Ruling on the Motion and Plaintiff's Claims Against the Other Defendants

### A.　The State Defendants' Motion

　　　　In sum, Plaintiff's Section 1983, 1985, and 1986
claims seeking damages against the State Defendants in their
official capacities are dismissed with prejudice based on their
Eleventh Amendment immunity. Plaintiff's Section 1983, 1985, and

17

1986 claims seeking prospective injunctive relief against the
State Defendants in their official capacities and his claims
against the State Defendants in their individual capacities are
dismissed based on Younger abstention. The dismissal of those
claims is without leave to amend in the instant case but without
prejudice to the filing of a new action, if appropriate after
the conclusion of Case Number 2DTC-23-04182.

However, Plaintiff's Complaint may have been an
attempt to assert claims against the State Defendants that are
not addressed in this Order. See supra Discussion Section I. It
may be possible for Plaintiff to allege plausible claims for
prospective injunctive relief against the State Defendants in
their official capacities and plausible claims for damages
against the State Defendants in their individual capacities.
Plaintiff therefore must be permitted the opportunity to amend
the Complaint. See Lucas, 66 F.3d at 248. This Court emphasizes
that any claims asserted against the State Defendants in the
amended complaint cannot be based upon on issues before the
state court in Case Number 2DTC-23-04182.

In addition, this Court notes the following in order
to provide guidance to Plaintiff if he decides to file an
amended complaint.

> "Traditionally, the requirements for relief
> under section 1983 have been articulated as:
> (1) a violation of rights protected by the

18

> Constitution or created by federal statute,
> (2) proximately caused (3) by conduct of a
> 'person' (4) acting under color of state law."
> Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.
> 1991) (citations omitted). Additionally, a
> defendant "cannot be held liable for a
> constitutional violation under 42 U.S.C. § 1983
> unless they were integral participants in the
> unlawful conduct." Keates v. Koile, 883 F.3d
> 1228, 1241 (9th Cir. 2018) (citation omitted);
> see also Park v. City & Cnty. of Honolulu, 292 F.
> Supp. 3d 1080, 1090 (D. Hawai'i 2018) ("For an
> individual capacity suit under Section 1983,
> plaintiff must allege personal participation in
> the constitutional violation on the part of the
> individual to subject that person to individual
> liability." (citation omitted)).

McCoy v. Hawai'i Dep't of Hum. Serv., CIV. NO. 21-00063 LEK-RT,

2021 WL 5040197, at *7 (D. Hawai'i Oct. 29, 2021).

> This district court has also stated that,

> > to state a claim for a violation of
> > [Section 1985(3),[8] a p]laintiff must allege four
> > elements:

> > > (1) a conspiracy; (2) for the purpose of
> > > depriving, either directly or indirectly,
> > > any person or class of persons of the equal
> > > protection of the laws, or of equal
> > > privileges and immunities under the laws;
> > > and (3) an act in furtherance of the
> > > conspiracy; (4) whereby a person is either
> > > injured in his person or property or
> > > deprived of any right or privilege of a
> > > citizen of the United States.

> > United Bhd. of Carpenters & Joiners, Local 610 v.
> > Scott, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77
> > L. Ed. 2d 1049 (1983). A plaintiff alleging a

---

[8] The Complaint does not cite a specific provision of
Title 42 United States Code Section 1985. Section 1985(3),
titled "Depriving persons of rights or privileges," appears to
be the most applicable to the allegations in the Complaint.

> conspiracy to violate civil rights must "state
> specific facts to support the existence of the
> claimed conspiracy." Olsen v. Idaho State Bd. of
> Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation
> and internal quotation marks omitted). . . .

Baptiste v. Dep't of Def., CIVIL NO. 22-00210 JAO-KJM, 2022 WL
17585625, at *13 (D. Hawai`i Dec. 12, 2022).

"[I]f predicated on the same allegations, the absence
of a deprivation of rights under § 1983 precludes a § 1985
conspiracy claim." See Tia v. Crim. Investigation Demanded as
Set Forth, Civil No. 10-00383 SOM/BMK, 2010 WL 2900431, at *3
(D. Hawai`i July 20, 2010) (citing Caldeira v. Cnty. of Kauai,
866 F.2d 1175, 1182 (9th Cir. 1989)).[9] "Likewise, if a complaint
does not state a valid claim under § 1985, it cannot state a
claim under § 1986." Id. (citing McCalden v. California Library
Ass'n., 955 F.2d 1214, 1223 (9th Cir. 1990)).[10]

B.    **The State and the Judiciary**

Although the State and the Judiciary have not appeared
in this case, based on the analysis above, it is clear that
Plaintiff's Section 1983, 1985, and 1986 claims against the
State and the Judiciary fail based on Eleventh Amendment

---

[9] An unrelated portion of the order in Tia was vacated
following the denial of the plaintiff's motion for
reconsideration. See 2010 WL 3064472 (Aug. 5, 2010).

[10] McCalden was superseded on other grounds by Federal Rule
of Appellate Procedure 4(a)(7)(A)(ii). See, e.g., Mackovski v.
City of Garden Grove, Case No. SACV 11-01538-CJC(ANx), 2012 WL
12951739, at *2 (C.D. Cal. Jan. 18, 2012).

immunity. Further, it is not possible for Plaintiff to cure the
defect in his claims against the State and the Judiciary by
amendment. Plaintiff's claims in the Complaint against the State
and the Judiciary are therefore dismissed with prejudice.

        As with the State Defendants, Plaintiff's Complaint
may have been an attempt to assert claims against the State and
the Judiciary that are not addressed in this Order. It is
arguably possible for Plaintiff to state plausible claims
against the State and/or the Judiciary under federal law, where
there has been an abrogation or waiver of sovereign immunity.
However, this Court notes that it is not possible for Plaintiff
to assert plausible claims against either the State or the
Judiciary under Hawai`i law because, "[a]lthough Hawaii has
waived its sovereign immunity as to some state tort and
statutory claims, it has done so solely with respect to state
court actions." See Beckmann v. Ito, 430 F. Supp. 3d 655, 678
(D. Hawai`i 2020) (citations omitted); see also Haw. Rev. Stat.
§§ 661-1, 661-2, 661-3.

        Plaintiff is therefore granted leave to assert new
claims against the State and the Judiciary under federal law,
where there has been an abrogation or waiver of sovereign
immunity.

C.    **Judge Bernard-Lee and Kapaku**

The Eleventh Amendment immunity analysis and Younger abstention analysis above also apply to Plaintiff's Section 1983, 1985, and 1986 claims in the Complaint against Judge Bernard-Lee and Kapaku. Those claims are also dismissed, with the same limited ability to file a new action, as described above regarding Plaintiff's claims against the State Defendants. However, unlike the State Defendants, the State, and the Judiciary, there is no indication in the Complaint that Plaintiff can allege other claims against Judge Bernard-Lee or other claims against Kapaku that are not related to Case Number 2DTC-23-04182. Therefore, the dismissal of the claims in the Complaint against Judge Bernard-Lee and Kapaku is without leave to amend in this case.

This Court notes the following in order to provide guidance to Plaintiff if he decides to file another action after Case Number 2DTC-23-04182 is resolved.

> "Judges . . . are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Moreover, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice," id., and applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute*

22

> *on other grounds as recognized in* Tia v. Mollway,
> 2011 WL 2945813, at *4 (D. Haw. July 20, 2011).
> Further, except in narrow circumstances not
> applicable here, 42 U.S.C. § 1983 precludes
> prospective injunctive relief against state
> judges on account of their judicial acts.
> Section 1983 provides:
>
>> Every person who, under color of any
>> statute, ordinance, regulation, custom, or
>> usage, of any State or Territory or the
>> District of Columbia, subjects, or causes to
>> be subjected, any citizen of the United
>> States or other person within the
>> jurisdiction thereof to the deprivation of
>> any rights, privileges, or immunities
>> secured by the Constitution and laws, shall
>> be liable to the party injured in an action
>> at law, suit in equity, or other proper
>> proceeding for redress, **except that in any
>> action brought against a judicial officer
>> for an act or omission taken in such
>> officer's judicial capacity, injunctive
>> relief shall not be granted unless a
>> declaratory decree was violated or
>> declaratory relief was unavailable.** For the
>> purposes of this section, any Act of
>> Congress applicable exclusively to the
>> District of Columbia shall be considered to
>> be a statute of the District of Columbia.
>
> (Emphasis added).

Petty v. Souza, CIV. NO. 23-00422 JMS-KJM, 2024 WL 3833861, at

*5 (D. Hawai`i Aug. 15, 2024). The district court noted that the

plaintiff could not allege "a declaratory decree was violated or

that declaratory relief was unavailable," because "declaratory

relief against a judge for actions taken within his or her

judicial capacity is ordinarily available by appealing the

judge's order in state court." Id. (brackets, quotation marks,
and citation omitted).

> Under the doctrine of quasi-judicial
> immunity, judicial immunity may be "extended to
> certain others who perform functions closely
> associated with the judicial process." Bridge
> Aina Le`a, LLC v. State of Hawaii Land Use
> Comm'n, 125 F. Supp. 3d 1051, 1074 (D. Haw.
> 2015), aff'd sub nom. Bridge Aina Le`a, LLC v.
> Land Use Comm'n, 950 F.3d 610 (9th Cir. 2020)
> (citing Duvall v. Cnty. of Kitsap, 260 F.3d 1124,
> 1133 (9th Cir. 2001)). An official acting under
> the authority of the judge is entitled to derived
> judicial immunity because he is performing an
> integral part of the judicial process. Lonneker
> Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097
> (9th Cir. 1986).

Urban v. DeWeese, CIV. NO. 22-00461 HG-RT, 2022 WL 17819655, at
*4 (D. Hawai`i Dec. 20, 2022).

        D.    **County Defendants**

        As previously noted, Takitani-Moses, Coble, and
Miyashiro are prosecuting attorneys involved in Case
Number 2DTC-23-04182. See Complaint at PageID.8. The Younger
abstention analysis above also applies to Plaintiff's
Section 1983, 1985, and 1986 claims in the Complaint against
Takitani-Moses, Coble, and Miyashiro. Those claims are therefore
dismissed, with the same limited ability to file a new action,
as described above regarding Plaintiff's claims against the
State Defendants. Because there is no indication in the
Complaint that Plaintiff can allege other claims against
Takitani-Moses, Coble, and Miyashiro that are not related to

24

Case Number 2DTC-23-04182, the dismissal of the claims in the
Complaint against them is without leave to amend in this case.

        According to the Complaint, Maeda, Pelletier, and
Dudoit are "Police Force agents" who allegedly violated
Plaintiff's civil rights. See Complaint at PageID.8. However, to
the extent that Plaintiff is suing them in their individual
capacities, the Complaint fails to allege how each of them
allegedly violated Plaintiff's rights. See Park, 292 F. Supp. 3d
at 1090 ("For an individual capacity suit under Section 1983,
plaintiff must allege personal participation in the
constitutional violation on the part of the individual to
subject that person to individual liability."). This Court
therefore dismisses Plaintiff's claims against Maeda, Pelletier,
and Dudoit without prejudice.

        If Plaintiff chooses to file an amended complaint, he
must specify whether he is suing Maeda, Pelletier, and Dudoit in
their official capacities, their individual capacities, or both.
If Plaintiff is suing them in their individual capacities, he
must state how each of them personally participated in the
alleged violations of Plaintiff's rights. However, if the
alleged violations in the amended complaint are premised solely
upon the validity of the offenses Plaintiff is charged with in
in Case Number 2DTC-23-04182, this Court will dismiss

Plaintiff's claims consistent with the <u>Younger</u> abstention

analysis above.

      **E.**   **The Amended Complaint**

      If Plaintiff choses to file an amended complaint, he

must do so by **February 28, 2025.** His amended complaint may

include:

-the claims that he attempted to allege in the original
    Complaint against Maeda, Pelletier, and Dudoit, subject to
    the limitations above;

-claims for prospective injunctive relief against the State
    Defendants in their official capacities that Plaintiff
    attempted to assert in the original Complaint but were not
    addressed in this Order;

-claims for damages against the State Defendants in their
    individual capacities that Plaintiff attempted to assert in
    the original Complaint but were not addressed in this
    Order; and

-claims under federal law against the State and/or the
    Judiciary, where there has been an abrogation or waiver of
    sovereign immunity.

Plaintiff's amended complaint must include all of the factual

allegations and legal arguments that he intends to rely upon,

even if he included them in the original Complaint. In other

words, Plaintiff may not incorporate any portion of the original

Complaint into the amended complaint by merely referring to the

original Complaint.

      Plaintiff does not have leave to add any new parties.

The amended complaint must only allege the claims described

above against the State, the Judiciary, Governor Green, Lieutenant Governor Luke, Maeda, Pelletier, and/or Dudoit.

This Court notes that, based on the analysis in the instant Order, it is unnecessary to address some of the arguments raised in the State Defendants' Motion. For example, this Court does not address the State Defendants' arguments regarding Plaintiff's position that he is a sovereign citizen. See Motion, Mem. in Supp. at 8-9. This Court makes no findings or conclusions about those arguments, and the State Defendants may reiterate those arguments, if necessary, in response to the amended complaint.

### F.   Separate Action

Based on the Younger abstention doctrine, this Court has dismissed all of Plaintiff's claims related to the charges against him in Case Number 2DTC-23-04182. The dismissal is without prejudice to the refiling of Plaintiff's claims in a new and separate action, if appropriate after the conclusion of the proceedings in Case Number 2DTC-23-04182. Specifically, Plaintiff has leave to file a new and separate action alleging the following claims, if warranted based on the resolution of Case Number 2DTC-23-04182:

-Section 1983, 1985, and 1986 claims for prospective injunctive relief against Governor Green, Lieutenant Governor Luke, Judge Bernard-Lee, and Kapaku, in their official capacities;

-Section 1983, 1985, and 1986 claims for damages against
    Governor Green, Lieutenant Governor Luke, Judge Bernard-
    Lee, and Kapaku in their individual capacities; and

-Section 1983, 1985, and 1986 claims against Takitani-Moses,
    Coble, and Miyashiro.

As with the amended complaint, the State Defendants have leave

to reiterate, in response to the complaint in the new action,

any argument from the Motion that was not ruled upon in this

Order.

## CONCLUSION

        For the foregoing reasons, the State Defendants'

March 6, 2024 Motion to Dismiss Complaint, Filed February 1,

2024, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion

is GRANTED insofar as Plaintiff's Complaint is DISMISSED in its

entirety, and insofar as the dismissal of Plaintiff's

Section 1983, 1985, and 1986 claims for damages against the

State Defendants in their official capacities are DISMISSED WITH

PREJUDICE. For the same reasons, Plaintiff's Section 1983, 1985,

and 1986 claims against the State and the Judiciary are

DISMISSED WITH PREJUDICE.

        The State Defendants' Motion is DENIED insofar as

Plaintiff is granted limited leave to file an amended complaint

in the instant case, and Plaintiff is granted limited leave to

file a new and separate action, if appropriate after the

conclusion of the state court traffic crime proceedings against

him. If Plaintiff elects to file an amended complaint in this case, the amended complaint must be filed by **February 28, 2025**, and it must comply with the rulings in the instant Order. If Plaintiff does not file an amended complaint by that date, there will be no remaining claims in this case, and this Court will direct the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2024.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. STATE OF HAWAI`I ET AL.**, CIV. NO. 24-00040 LEK-KJM; ORDER: GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT, FILED FEBRUARY 1, 2024; AND DISMISSING PLAINTIFF'S COMPLAINT WITH LIMITED LEAVE TO AMEND