UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>              Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAI`I,  JUDICIARY OF HAWAI`I,  ANNALISA BERNARD-LEE, DANLYN KAPAKU,  JESSICA TAKITANI-MOSES,  CHRISTOPHER COBLE,  SHELLY MIYASHIRO,  WADE MAEDA,  JOHN PELLETIER,  JARED DUDOIT,  JOSH GREEN,  SYLVIA LUKE,  DOES A THRU Z-999<br><br>              Defendants. | CIV. NO. 24-00040 LEK-KJM |

**ORDER DENYING PLAINTIFF'S "MOTION FOR APPROPRIATE RELIEF UNDER RULE 60; MOTION TO STRIKE ECF NO. 61; MEMORANDUM IN OPPOSITION TO ALL DEFENDANT(S)'S MOTION TO DISMISS"**

Pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed a "FEDERAL TORT CLAIM re: Deprivation of Right Under Color of Law; Breach of Contract, trespass, Failure to Respond; Civil Rights Violation Under Title 42; Constitutional Question per FRCP Rule 5.1" ("Complaint") on February 1, 2024. [Dkt. no. 1.] On December 30, 2024 this Court issued its Order: Granting in Part and Denying in Part the State Defendants' Motion to Dismiss Complaint, Filed February 1, 2024; and Dismissing Plaintiff's Complaint with

Limited Leave to Amend ("12/30 Order"). [Dkt. no. 61.[1]] On December 31, 2024, this Court issued an entering order denying two other motions to dismiss on the ground that they were moot in light of the rulings in the 12/30 Order ("12/31 EO"). [Dkt. no. 62.]

Before this Court is Plaintiff's motion seeking reconsideration of the 12/30 Order and the 12/31 EO ("Motion for Reconsideration"), filed on January 22, 2025. [Dkt. no. 64.] The Motion for Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The 12/30 Order construed the Complaint as only alleging claims pursuant to Title 42 United States Code Sections 1983, 1985, and 1986. [12/30 Order at 9.] All of Plaintiff's claims were dismissed, and the following claims were dismissed with prejudice:

-Plaintiff's Section 1983, 1985, and 1986 claims against Defendant State of Hawai`i ("the State") and Defendant State Judiciary ("the Judiciary"); [id. at 28;] and

---

[1] The 12/30 Order granted in part and denied in part the motion to dismiss Plaintiff's Complaint that Defendants Josh Green and Sylvia Luke ("the State Defendants") filed on March 6, 2024, [dkt. no. 9]. See 12/30 Order at 1.

2

>     -Plaintiff's claims seeking damages under Sections 1983,
>     1985, and 1986 against the State Defendants in their
>     official capacities, [id.].

Plaintiff's remaining claims against the State Defendants were dismissed without leave to amend in the instant case because this Court found that allowing Plaintiff to pursue the claims would interfere with the ongoing traffic crime proceedings against Plaintiff in the State of Hawai`i Second Circuit Court, Wailuku Division ("the state court") - State v. Jeffrey Steven, Case Number 2DTC-23-04182. However, the dismissal of those claims was without prejudice to the refiling of the claims in a new and separate action, if the claims are appropriate after the conclusion of Case Number 2DTC-23-04182. [Id. at 17.]

Plaintiff was permitted to file an amended complaint alleging claims against the State Defendants that were not addressed in the 12/30 Order, provided that: the claims either seek prospective injunctive relief against the State Defendants in their official capacities or seek damages against the State Defendants in their individual capacities; and the claims are not based on issues before the state court in Case Number 2DTC-23-04182. [Id. at 18.] Plaintiff was also granted leave to assert new claims against the State and the Judiciary under federal law, where there has been an abrogation or waiver of sovereign immunity. [Id. at 21.]

3

In addition, the 12/30 Order dismissed Plaintiff's claims against Defendant Annalisa Bernard-Lee ("Judge Bernard-Lee") and Defendant Danlyn Kapaku ("Kapaku") without leave to amend in the instant case but with the same limited ability to file a new action that was granted as to Plaintiff's claims against the State Defendants. [Id. at 22.] Plaintiff's claims against Defendants Jessica Takitani-Moses ("Takitani-Moses"), Christopher Coble ("Coble"), and Shelly Miyashiro ("Miyashiro") were also dismissed without leave to amend in the instant case but with the same limited ability to file a new action. [Id. at 24-25.] Plaintiff's claims against Defendants Wade Maeda ("Maeda"), John Pelletier ("Pelletier"), and Jared Dudoit ("Dudoit") were dismissed with leave to amend because the claims were insufficiently pled. [Id. at 25.]

Based on the rulings in the 12/30 Order, the 12/31 EO denied as moot: the motion to dismiss filed by Coble, Miyashiro, Maeda, Pelletier, and Dudoit ("the County Defendants"); [filed 4/10/24 (dkt. no. 24);] and the motion to dismiss filed by Judge Bernard-Lee and Kapaku ("the State Court Defendants"), [filed 12/17/24 (dkt. no. 57)].

Plaintiff filed a First Amended Complaint ("Amended Complaint") on February 26, 2025. [Dkt. no. 70.] On March 12, 2025, the County Defendants, the State Defendants, and the State Court Defendants filed their respective motions to dismiss the

4

Amended Complaint. [Dkt. nos. 72, 73, 74.] Those motions will be decided in the normal course.

## STANDARD

> Local Rule 60.1 states, in relevant part:
>
> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
>> (a)  Discovery of new material facts not previously available;
>>
>> (b)  Intervening change in law; and/or
>>
>> (c)  Manifest error of law or fact.
>
> Motions asserted under subsection (c) of this rule must be filed and served within fourteen (14) days after the court's order is issued.
>
> Motions for reconsideration are disfavored. A motion may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request, as set forth above. . . .

Because the 12/30 Order did not dispose of all of the claims in this case, it is an interlocutory order, and the reconsideration standard in Local Rule 60.1 applies. This district court has stated:

> The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." Jacob v. United States, 128

5

>     F. Supp. 2d 638, 641 (D. Haw. 2000) (citing
>     Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750
>     (D. Mont. 1988)) (citation omitted). Mere
>     disagreement with a court's analysis in a
>     previous order is not a sufficient basis for
>     reconsideration. See White v. Sabatino, 424 F.
>     Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Leong
>     v. Hilton Hotels Corp., 689 F. Supp. 1572 (D.
>     Haw. 1988)); Haw. Stevedores, Inc. v. HT & T Co.,
>     363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).
>     "Whether or not to grant reconsideration is
>     committed to the sound discretion of the court."
>     Navajo Nation v. Confederated Tribes and Bands of
>     the Yakama Indian Nation, 331 F.3d 1041, 1046
>     (9th Cir. 2003) (citing Kona Enters., Inc. v.
>     Estate of Bishop, 229 F.3d 877, 890 (9th Cir.
>     2000)).

VieRican LLC v. Midas Int'l, LLC, CIVIL NO. 19-00620 JAO-KJM, 2020 WL 465017, at *1 (D. Hawai`i Jan. 28, 2020).

## DISCUSSION

### I. Request for Recusal

Plaintiff appears to argue that this Court should recuse itself from this case and that this Court is biased. See, e.g., Motion for Reconsideration at 2-3 (citing 28 U.S.C. § 455); id. at 5 (arguing judges in this district court "are responsible to make themselves aware of the pertinent facts in the matter in order to be non-biased"). Plaintiff's filings must be liberally construed in light of his pro se status. See 12/30 Order at 8 n.4 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). This Court therefore liberally construes Plaintiff's Motion for Reconsideration as seeking the recusal of this Court pursuant to Title 28 United States Code Section 455.

6

> "Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality." United States v. Mikhel, 889 F.3d 1003, 1027 (9th Cir. 2018) (quotation marks and citations omitted). In assessing the need for recusal, courts ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quotation marks and citation omitted). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." Id. (quotation marks and citation omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Id. (quotation marks and citation omitted). "The provisions of section 455 require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999).

Nash v. Pacheco, CIVIL NO. 24-00142 DKW-WRP, 2024 WL 3271911, at *2 (D. Hawai`i June 10, 2024) (alterations in Nash).

Plaintiff's primary argument in support of his recusal request is that the affiliation or association that the judges and other staff within this district court have with the Hawaii State Bar Association ("HSBA") creates a conflict of interest that prevents this Court from fairly evaluating his claims against any defendant that is connected with the State. See, e.g., Motion for Reconsideration at 2, 4. Plaintiff has raised

7

the same argument in other cases brought in this district court, and his argument has been rejected.

> Jeffrey-Steven asserts that HSBA membership or affiliation requires recusal. Liberally construed, his argument is that HSBA exercises too much control over its members (including, in his view, a sitting judge who happens to be a member), and that a judge who is an HSBA member could not fairly assess his contention that HSBA supposedly would censure and strip of their ability to practice law any attorney who dared to bring a constitutional challenge to state tax law and administration. No reasonable person, with knowledge of all the facts, would question the undersigned judge's impartiality for these reasons. Nor does Jeffrey-Steven establish any specific bases for recusal under § 455(b). See 28 U.S.C. § 455(b) (laying out specific grounds requiring recusal, such as actual bias, involvement in a matter during prior employment, and financial interest in a matter). . . .

Jeffrey-Steven of House of Jarrett v. Hawai`i, Civil No. 24-00445 MWJS-KJM, 2025 WL 473459, at *2 (D. Hawai`i Feb. 12, 2025). This Court rejects Plaintiff's argument regarding HSBA membership or affiliation for the same reasons.

Plaintiff has not identified any facts suggesting that a reasonable person with knowledge of the facts of this case might question this Court's rulings in the 12/30 Order and the 12/31 EO. "A prior adverse ruling, without more, is insufficient cause for recusal." Nash, 2024 WL 3271911, at *2 (citing United States v. McTiernan, 695 F.3d 882, 893 (9th Cir. 2012); Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings

8

alone almost never constitute a valid basis for a bias or partiality motion.")).

The portion of Plaintiff's Motion for Reconsideration seeking the recusal of this Court is therefore denied.

## II. Procedural and General Arguments

Plaintiff raises various procedural arguments and general arguments that he contends warrant reconsideration of the 12/30 Order and the 12/31 EO. These arguments, either individually or collectively, do not constitute grounds to reconsider the 12/30 Order and the 12/31 EO.

Plaintiff first argues that the State Defendants did not serve him with their reply in support of their motion to dismiss, [filed 4/3/24 (dkt. no. 20),] and therefore he did not have the opportunity to respond. See Motion for Reconsideration at 7. The State Defendants' reply includes a Certificate of Service certifying that the reply was served on Plaintiff at his address of record. See dkt. no. 20-1; see also Complaint at PageID.1 (listing Plaintiff's mailing address). The Certificate of Service filed with the State Defendants' reply complies with Local Rule 5.6(b). If Plaintiff has any changes to his mailing address, it is Plaintiff's responsibility to inform this district court and the parties by filing a Notice of Change of Address. See Local Rule LR83.1(e)(1). Moreover, even accepting Plaintiff's representation that he did not receive a copy of the

9

State Defendants' reply, he was not deprived of any right to file a response to the State Defendants' reply. Other than an opposition to a motion and an optional reply in support of a motion, "[n]o further or supplemental briefing shall be submitted without leave of court." Local Rule LR7.2.

Plaintiff next argues that he was not given the opportunity to rebut this Court's decision to rule on the motions addressed in the 12/30 Order and the 12/31 EO without a hearing. See Motion for Reconsideration at 7. Local Rule 7.1(c) states, in relevant part: "Unless specifically required, the court may decide all matters, including motions, . . . without a hearing." Because there is no legal authority requiring district courts to hold a hearing before ruling on a motion to dismiss, it was within this Court's discretion to issue the 12/30 Order and the 12/31 EO without a hearing.

Plaintiff argues that this Court should not have ruled on the Eleventh Amendment immunity of the State and the Judiciary because they were in default when this Court issued the 12/30 Order. See Motion for Reconsideration at 33. Plaintiff is incorrect. Although Plaintiff requested entry of default against the State, the Judiciary, and other defendants, the magistrate judge denied that request. See Notice of Default etc., filed 3/11/24 (dkt. no. 12); EO, filed 3/12/24 (dkt.

10

no. 13) (denying Plaintiff's request for entry of default as to the absent defendants, including the State and the Judiciary).

Plaintiff also argues the State Court Defendants were in default when this Court issued the 12/30 Order. See Motion for Reconsideration at 35. First, default was never entered against Kapaku. Default was entered against Judge Bernard-Lee on April 11, 2024. [Dkt. no. 26.] However, Plaintiff never moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b), and Judge Bernard-Lee had a motion to set aside the entry of default pending when the 12/30 Order was issued. See Motion to Set Aside Entry of Default Entered on April 11, 2024 [ECF 26], filed 12/17/24 (dkt. no. 56). The magistrate judge denied Judge Bernard-Lee's motion to set aside as moot after the 12/30 Order was issued. See Minutes – EP: Motion Hearing as to ECF No. [56] Motion to Set Aside Default Entered on April 11, 2024 [ECF 26], filed 2/4/25 (dkt. no. 66).

Plaintiff points out that the 12/30 Order includes "Danny Kapaku" within the list of the defendants named in the Complaint. See Motion for Reconsideration at 8. This Court noted: "The reference in the Complaint's caption to 'Danny Kapaku' appears to be an erroneous second reference to Defendant Danlyn Kapaku." [12/30 Order at 3 n.1.] Plaintiff acknowledges the Complaint contained a typographic error, but Plaintiff argues the 12/30 Order should not have pointed out the error

11

because Plaintiff corrected the error shortly after the filing of the Complaint. See Motion for Reconsideration at 8; see also "Notice of Correction(s)," filed 3/6/24 (dkt. no. 10), at ¶ 1. Although this Court inadvertently overlooked Plaintiff's Notice of Correction(s) in the docket, the erroneous inclusion of "Danny Kapaku" on page 3 of the 12/30 Order did not affect the substantive analysis of Plaintiff's Complaint. The error therefore does not warrant reconsideration of the 12/30 Order.

Plaintiff also makes various general arguments challenging this Court's construction of the Complaint's identification of the defendants, see, e.g., Motion for Reconsideration at 7-8, and this Court's construction of the factual allegations and legal arguments in the Complaint, see, e.g., id. at 8-10, 12-13. Multiple aspects of Plaintiff's Complaint were unclear. See, e.g., 12/30 Order at 7 (stating that, other than Plaintiff's claims under Sections 1983, 1985, and 1986, "it is unclear what other claims, if any, Plaintiff is attempting to assert"). This Court liberally construed the Complaint in light of Plaintiff's pro se status. See id. 8 & n.4, 9, 11. To the extent that Plaintiff argues this Court's construction of the Complaint did not capture Plaintiff's intent, Plaintiff took the opportunity to amend his claims to attempt to clarify Plaintiff's intent rather than waiting for a

ruling on the Motion for Reconsideration before amending his claims.[2]

None of Plaintiff's procedural arguments or Plaintiff's general arguments warrant reconsideration of either the 12/30 Order or the 12/31 EO.

### III. Substantive Arguments

Many of Plaintiff's substantive arguments challenging the analysis in the 12/30 Order merely express Plaintiff's disagreement with the order. For example, Plaintiff argues this Court erred when it failed to "promulgate into law the right to Travel for Private matters in the STATE OF HAWAII." [Motion for Reconsideration at 5 (emphasis in original).] Plaintiff also argues he has "pointed out and proven that Defense has not rebutted or acknowledge[d] the Right to Travel in any form or fashion to which an attorney or pro se litigant can point to for remedy." [Id. at 10.] Such arguments merely express Plaintiff's disagreement with the fact that this Court dismissed Plaintiff's

---

[2] On February 7, 2025, Plaintiff filed a motion seeking an extension of the 12/30 Order's deadline to file the amended complaint because the Motion for Reconsideration was still pending and because of unrelated personal circumstances that made it more difficult for Plaintiff to draft the amended complaint. [Dkt. no. 68.] On February 25, 2025, this Court issued an entering order granting the motion and permitting Plaintiff to file the amended complaint twenty-eight days after the filing of the order ruling on the Motion for Reconsideration. [Dkt. no. 69.] Plaintiff, however, chose to file the Amended Complaint before the Motion for Reconsideration was ruled upon.

Section 1983, 1985, and 1986 claims on other grounds without addressing the merits of the claims. See, e.g., 12/30 Order at 9-12 (Eleventh Amendment analysis); id. at 13-17 (abstention analysis under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971)). Plaintiff's disagreement with this Court's analysis does not, by itself, warrant reconsideration of the 12/30 Order and the 12/31 EO. Plaintiff's specific arguments challenging the analysis in the 12/30 Order are addressed below.

### A. Eleventh Amendment

In the 12/30 Order, this Court concluded that Plaintiff's Section 1983, 1985, and 1986 claims for damages against the State Defendants in their official capacities failed to state a plausible claim for relief because the State Defendants in their official capacities have Eleventh Amendment immunity from such claims. [12/30 Order at 11-12.] This Court also concluded that that Plaintiff's Section 1983, 1985, and 1986 claims against the State and the Judiciary failed based on Eleventh Amendment immunity. [Id. at 20-21.]

Plaintiff argues this Court erred in dismissing these claims because the State waived its sovereign immunity by entering into commerce. [Motion for Reconsideration at 18-20.] However, the authorities that Plaintiff relies upon do not support Plaintiff's position that the State has waived its Eleventh Amendment immunity from claims brought under

14

Sections 1983, 1985, 1986. See Clearfield Tr. Co. v. United States, 318 U.S. 363, 369 (1943) ("The United States as drawee of commercial paper stands in no different light than any other drawee. As stated in United States v. National Exchange Bank, 270 U.S. 527, 534 [(1926)], 'The United States does business on business terms.' It is not excepted from the general rules governing the rights and duties of drawees . . . ."); Fed. Hous. Admin., Region No. 4 v. Burr, 309 U.S. 242, 245 (1940) (stating that, unless it is "clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, . . . . it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be").

Plaintiff has not identified any legal authority which supports Plaintiff's position that this Court made a manifest error of law when it concluded that the State has not waived its Eleventh Amendment immunity from the Section 1983, 1985, and 1986 claims in the Complaint.

The other arguments that Plaintiff makes regarding the Eleventh Amendment analysis in the 12/30 Order are similarly unsupported by any applicable legal authority. See, e.g., Motion for Reconsideration at 15-16 (making unsupported arguments that

15

the Eleventh Amendment analysis in the 12/30 Order violates the United States Constitution). Plaintiff's mere disagreement with the analysis in the 12/30 Order is not grounds for reconsideration. See White, 424 F. Supp. 2d at 1274.

Plaintiff's Motion for Reconsideration is denied as to Plaintiff's challenge to the Eleventh Amendment analysis in the 12/30 Order.

### B. *Younger* Abstention

The 12/30 Order dismissed Plaintiff's Section 1983, 1985, and 1986 claims seeking prospective injunctive relief against the State Defendants in their official capacities and Plaintiff's claims against the State Defendants in their individual capacities based on the Younger abstention doctrine. This Court concluded that litigating those claims would interfere with the proceedings in Case Number 2DTC-23-04182. The claims that were dismissed under the Younger abstention doctrine were dismissed without leave to amend in the instant case, but the dismissal was without prejudice to the refiling of the claims in a new and separate action, if the claims are appropriate after the conclusion of Case Number 2DTC-23-04182. See generally 12/30 Order at 13-17. Similarly, Plaintiff's claims against the State Court Defendants were dismissed, with the same limited ability to file a new action, if appropriate

after the conclusion of Case Number 2DTC-23-04182. See id. at 22.

The Motion for Reconsideration challenges the Younger abstention analysis. Plaintiff primarily relies upon developments in Case Number 2DTC-23-04182 that occurred after the filing of Plaintiff's memorandum in opposition to the State Defendants' motion to dismiss, [filed 3/18/24 (dkt. no. 16)]. See Motion for Reconsideration at 20-32. Events that occurred in Case Number 2DTC-23-04182 after Plaintiff's memorandum in opposition but before the 12/30 Order was issued were considered by this Court in the Younger abstention analysis. The 12/30 Order also noted the arraignment and plea in Case Number 2DTC-23-04182 that was scheduled for January 7, 2025. See 12/30 Order at 15.

Plaintiff argues reconsideration of the 12/30 Order is warranted because various filings in Case Number 2DTC-23-04182 constitute evidence that there has been bad faith in that case. See Motion for Reconsideration at 31-32; see also 12/30 Order at 16-17 ("Plaintiff has not alleged any facts which indicate: that the prosecution is litigating Case Number 2DTC-23-04182 in bad faith; that the state courts are handling Case Number 2DTC-23-04182 in bad faith; or that there are other extraordinary circumstances which warrant an exception to the Younger abstention doctrine." (citation omitted)).

17

"In the Younger abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003) (quoting Kugler v. Helfant, 421 U.S. 117, 126 n.6, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975)). Based on the limited information available in the state court's docket for Case Number 2DTC-23-04182, none of the events that Plaintiff cites in the Motion for Reconsideration support Plaintiff's position that the prosecution in that case was brought and/or is being pursued without a reasonable expectation of obtaining a valid conviction. For example, docket number 53 is listed in the Case Number 2DTC-23-04182 docket sheet as "Motion to Show Cause: Motion Upon the Court to Move the Court to make itself aware of all documents filed." Plaintiff argues that motion was "never responded to thus defaulting the action thus making proceeding a criminal act." [Motion for Reconsideration at 32-33.] Even if the prosecution in Case Number 2DTC-23-04182 did not respond to docket number 53, that does not establish bad faith.

Ultimately, Plaintiff merely disagrees with this Court's ruling that some of his claims in the instant case interfere with Case Number 2DTC-23-04182. See Motion for Reconsideration at 32 ("This matter does not interfere, prior to [the 12/30 Order], with State's Traffic Court case other than if

18

the Jury determines that Traveling is a fundamental right protected by the US Constitution . . . ."). Plaintiff's mere disagreement with this Court's Younger abstention analysis does not warrant reconsideration of the 12/30 Order and the 12/31 EO.

**IV. Ruling**

All of the arguments in Plaintiff's Motion for Reconsideration, including any argument not expressly addressed in this Order, have been rejected. Plaintiff's Motion for Reconsideration does not establish that there is any newly available evidence, intervening change in the law, or manifest error of law or fact in either the 12/30 Order or the 12/31 EO. Plaintiff has therefore failed to establish that reconsideration of either the 12/30 Order or the 12/31 EO is warranted.

### CONCLUSION

For the foregoing reasons, the "Motion for Appropriate Relief Under Rule 60; Motion to Strike ECF No. 61; Memorandum in Opposition to all Defendant(s)'s Motion to Dismiss" that Plaintiff filed on January 22, 2025 is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. STATE OF HAWAII, ET AL.; CV 24-00040 LEK-KJM;** ORDER DENYING PLAINTIFF'S "MOTION FOR APPROPRIATE RELIEF UNDER RULE 60; MOTION TO STRIKE ECF NO. 61; MEMORANDUM IN OPPOSITION TO ALL DEFENDANT(S)'S MOTION TO DISMISS"