UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAI`I, JUDICIARY OF HAWAI`I, ANNALISA BERNARD-LEE, DANLYN KAPAKU, JESSICA TAKITANI-MOSES, CHRISTOPHER COBLE, SHELLY MIYASHIRO, WADE MAEDA, JOHN PELLETIER, JARED DUDOIT, JOSH GREEN, SYLVIA LUKE, DOES A THRU Z-999 <br><br> Defendants. | CIV. NO. 24-00040 LEK-KJM |

**ORDER: (1) CONSTRUING PLAINTIFF'S "EXPARTE: MOTION FOR DECREE PRO CONFESSO; MOTION FOR JOINDER" AS A MOTION SEEKING RECONSIDERATION OF THIS COURT'S DECEMBER 30, 2024 ORDER, SEEKING LEAVE TO ADD NEW DEFENDANTS, AND SEEKING LEAVE TO FILE A THIRD SURREPLY REGARDING THE PENDING MOTIONS TO DISMISS; AND (2) DENYING PLAINTIFF'S MOTION IN ITS ENTIREY**

On June 4, 2025, pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed a document titled "Exparte: Motion for Decree Pro Confesso; Motion for Joinder" ("6/4 Motion"). [Dkt. no. 89.] This Court has found the 6/4 Motion suitable for disposition without a hearing and without further briefing. See Minute Order - EO: Court Order Regarding Plaintiff's "Exparte: Motion for Decree Pro Confesso; Motion for Joinder," filed 6/6/25 (dkt. no. 88). For the reasons set forth below, Plaintiff's 6/4 Motion is hereby denied in its entirety.

**BACKGROUND**

On February 1, 2024, Plaintiff filed a document titled "FEDERAL TORT CLAIM re: Deprivation of Right Under Color of Law; Breach of Contract, trespass, Failure to Respond; Civil Rights Violation Under Title 42; Constitutional Question per FRCP Rule 5.1" ("Complaint"). [Dkt. no. 1.] On December 30, 2024 this Court issued its Order: Granting in Part and Denying in Part the State Defendants' Motion to Dismiss Complaint, Filed February 1, 2024; and Dismissing Plaintiff's Complaint with Limited Leave to Amend ("12/30 Order"). [Dkt. no. 61.[1]] On December 31, 2024, this Court issued an entering order denying two other motions to dismiss because they were moot in light of the rulings in the 12/30 Order ("12/31 EO"). [Dkt. no. 62.]

The 12/30 Order construed the Complaint as only alleging claims pursuant to Title 42 United States Code Sections 1983, 1985, and 1986. [12/30 Order at 9.] All of Plaintiff's claims were dismissed, and the following claims were dismissed with prejudice:

> -Plaintiff's Section 1983, 1985, and 1986 claims against Defendant State of Hawai`i ("the State") and Defendant State Judiciary ("the Judiciary"); [id. at 28;] and
>
> -Plaintiff's claims seeking damages under Sections 1983, 1985, and 1986 against Defendants Josh Green and Sylvia

---

[1] The 12/30 Order granted in part and denied in part the motion to dismiss Plaintiff's Complaint that Defendants Josh Green and Sylvia Luke filed on March 6, 2024, [dkt. no. 9]. See 12/30 Order at 1-2.

2

Luke ("the State Defendants") in their official capacities, [id.].

Plaintiff's remaining claims against the State Defendants were dismissed without leave to amend in the instant case because this Court found that allowing Plaintiff to pursue the claims would interfere with the ongoing traffic crime proceedings against Plaintiff in the State of Hawai`i Second Circuit Court, Wailuku Division ("the state court") - State v. Jeffrey Steven, Case Number 2DTC-23-04182. [12/30 Order at 4, 17.] However, the dismissal of those claims was without prejudice to the refiling of those claims in a new and separate action, if the claims are appropriate after Case Number 2DTC-23-04182 concluded. [Id. at 17.] Plaintiff was granted limited leave to amend the claims against the State Defendants that were not addressed in the 12/30 Order, [id. at 18,] and to add new claims against the State and the Judiciary under federal law, where there has been an abrogation or waiver of sovereign immunity, [id. at 21].

The 12/30 Order also dismissed Plaintiff's claims against Defendant Annalisa Bernard-Lee ("Judge Bernard-Lee") and Defendant Danlyn Kapaku ("Kapaku") without leave to amend in the instant case but with the same limited ability to file a new action that was granted as to Plaintiff's claims against the State Defendants. [Id. at 22.] Plaintiff's claims against Defendants Jessica Takitani-Moses ("Takitani-Moses"),

3

Christopher Coble ("Coble"), and Shelly Miyashiro ("Miyashiro") were dismissed without leave to amend in the instant case but with the same limited ability to file a new action as to the claims against the State Defendants. [Id. at 24-25.] Plaintiff's claims against Defendants Wade Maeda ("Maeda"), John Pelletier ("Pelletier"), and Jared Dudoit ("Dudoit") were dismissed without prejudice because the claims were insufficiently pled. [Id. at 25.]

Based on the rulings in the 12/30 Order, the 12/31 EO denied as moot: the motion to dismiss filed by Coble, Miyashiro, Maeda, Pelletier, and Dudoit ("the County Defendants"); [filed 4/10/24 (dkt. no. 24);] and the motion to dismiss filed by Judge Bernard-Lee and Kapaku ("the State Court Defendants"), [filed 12/17/24 (dkt. no. 57)].

On January 22, 2025, Plaintiff filed a motion seeking reconsideration of the 12/30 Order and the 12/31 EO ("First Motion for Reconsideration"). [Dkt. no. 64.] The First Motion for Reconsideration was denied in an order filed on March 28, 2025 ("Order Denying First Motion for Reconsideration"). [Dkt. no. 80.[2]] While the First Motion for Reconsideration was pending, Plaintiff filed a First Amended Complaint ("Amended Complaint") on February 26, 2025. [Dkt. no. 70.] Although the 12/30 Order

---

[2] The Order Denying First Motion for Reconsideration is also available at 2025 WL 950036.

4

granted Plaintiff limited leave to amend his claims against the State and the Judiciary, those entities are not identified as defendants in the Amended Complaint. See Amended Complaint at pg. 1 (striking the State and the Judiciary from the case caption).

On March 12, 2025, the County Defendants, the State Defendants, and the State Court Defendants filed their respective motions to dismiss the Amended Complaint (collectively "Motions to Dismiss Amended Complaint"). [Dkt. nos. 72, 73, 74.] On March 25, 2025, Plaintiff filed a joint memorandum in opposition to the Motions to Dismiss Amended Complaint. [Dkt. no. 79.] On April 9, 2025, the County Defendants and the State Defendants filed optional replies in support of their respective motions. [Dkt. nos. 81, 82.] On April 14, 2024, Plaintiff filed a "Memorandum in Support of This Special Cause in Private Exclusive Equity and to Deny Motion(s) to Dismiss," and Plaintiff filed a "Memorandum to Deny Motion(s) to Dismiss; Response ECF No. 81" on April 28, 2025. [Dkt. nos. 83, 87.] These filings are construed as surreplies responding to the County Defendants' and the State Defendants' replies. The Motions to Dismiss Amended Complaint are under advisement and will be decided by this Court in the normal course.

Plaintiff's 6/4 Motion makes a number of different requests. First, Plaintiff seeks leave to add new defendants: the State of Hawai`i; a prosecuting attorney who Plaintiff identifies as "Tobin"; other agents and officers in the Wailuku, Maui division of the prosecutor's office; Ron Kouchi; and Scott Saiki. See 6/4 Motion at 2. Because Plaintiff is proceeding pro se, his filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The 6/4 Motion is therefore liberally construed as seeking leave to file a second amended complaint.

Plaintiff also states that, on May 13, 2025, Case Number 2DTC-23-004182 was dismissed with prejudice. See 6/4 Motion at 2. This portion of the 6/4 Motion is liberally construed as seeking reconsideration of the 12/30 Order based on new evidence, *i.e.*, the dismissal of Case Number 2DTC-23-004182.

Finally, Plaintiff argues that the motions to dismiss the Amended Complaint should be "voided," see id. at 3, because of the defendants' failure to respond to certain arguments that he has made, see id. at 3-7. This portion of the 6/4 Motion is liberally construed as a request for leave to file a third surreply regarding the Motions to Dismiss Amended Complaint.

## DISCUSSION

### I. Reconsideration of the 12/30 Order and the 12/31 EO

As this Court previously noted, Local Rule 60.1 governs a request for reconsideration of the 12/30 Order. See Order Denying First Motion for Reconsideration at 5. "Discovery of new material facts not previously available" is one of the grounds upon which reconsideration may be granted. See Local Rule LR60.1(a).

In the 12/30 Order, this Court took judicial notice of Case Number 2DTC-23-04182, although this Court did not take judicial notice of any disputed facts within the filings of that case. [12/30 Order at 14-15.] Based on the analysis in the 12/30 Order, this Court again takes judicial notice of Case Number 2DTC-23-04182, including events in that case that have occurred since this Court issued the 12/30 Order. Having reviewed the relevant records in Case Number 2DTC-23-04182, this Court confirms that the case was dismissed with prejudice on May 13, 2025.

The disposition of Case Number 2DTC-23-04182 is new evidence that was not available, either when this Court issued the 12/30 Order, when the First Motion for Reconsideration filed, or when it was denied. Plaintiff filed the 6/4 Motion within a reasonable time following the dismissal of Case Number 2DTC-23-04182. This Court therefore must determine

7

                                 PageID.1268

whether the dismissal of Case Number 2DTC-23-04182 warrants reconsideration of the 12/30 Order.

In the 12/30 Order, this Court ruled that, pursuant to the Younger abstention doctrine,[3] it was required to abstain from considering any of Plaintiff's claims that interfered with the ongoing proceedings in Case Number 2DTC-23-04182. See, e.g., 12/30 Order at 17. However, because that case has been dismissed with prejudice, the case is no longer ongoing, and Plaintiff will not have an adequate opportunity to bring challenges to the state statutes that he was accused of violating in Case Number 2DTC-23-04182. See id. at 15-16. The requirements of the Younger abstention doctrine are no longer met, and abstention is therefore inappropriate.

The dismissal of Plaintiff's claims that interfered with the proceedings in Case Number 2DTC-23-04182 was without prejudice to the refiling of those claims in a separate action after the conclusion of the proceedings in Case Number 2DTC-23-04182. See 12/30 Order at 17. Thus, Plaintiff could have filed a new action to pursue those claims after the dismissal of Case Number 2DTC-23-04182. Instead, Plaintiff asks this Court to reconsider the 12/30 Order and allow him to pursue the claims in

---

[3] The Younger abstention doctrine was established in Younger v. Harris, 401 U.S. 37 (1971), and its progeny. See 12/30 Order at 13-14 (quoting a description of the doctrine).

the Complaint that this Court dismissed pursuant to the Younger abstention doctrine. Although reconsideration could be granted pursuant to Local Rule LR60.1(a), this Court declines to do so because the dismissed claims were meritless. Therefore, the dismissal of Case Number 2DTC-23-04182 does not warrant the reversal of the dismissal of Plaintiff's claims. See Alefosio v. Haw. Equal Emp. Opportunity Comm'n, CIV. NO. 24-00329 JMS-RT, 2025 WL 1449029, at *1 (D. Hawai`i May 1, 2025) ("A motion for reconsideration must first, demonstrate reasons why the court should reconsider its prior decision and second, set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (brackets, ellipses, internal quotation marks and citation omitted)).

The crux of the claims that were dismissed pursuant to the Younger abstention doctrine was that the statutes requiring driver's licenses and vehicle registrations violate Plaintiff's rights and the rights of similarly situated persons. See 12/30 Order at 3-6 (summarizing the allegations in Plaintiff's Complaint).

The right to **interstate** travel is a recognized fundamental right. See Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999) (citing Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903, 106 S. Ct. 2317, 90 L. Ed. 2d 899 (1986) (Brennan, J., plurality opinion)). However, "both the Supreme

9

Court and the Ninth Circuit have declined to address whether there is a constitutionally protected right to **intrastate** travel." Newman v. State of Hawai`i, Civil No. 24-00140 MWJS-RT, 2024 WL 2802714, at *3 (D. Hawai`i May 31, 2024) (citing Mem'l Hosp. v. Maricopa County, 415 U.S. 250, 255-56 (1974); Nunez by Nunez v. City of San Diego, 114 F.3d 935, 944 n.7 (9th Cir. 1997)). Further, "there is no 'fundamental right to drive a motor vehicle[.]'" Id. (quoting Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999)).

In the context of the fundamental right to interstate travel, the Ninth Circuit has recognized that "[b]urdens placed on travel generally, such as gasoline taxes, or minor burdens impacting interstate travel, such as toll roads, do not constitute a violation of that right[.]" Miller, 176 F.3d at 1205. By extension, even assuming, *arguendo*, that there is a fundamental right to intrastate travel, the vehicle registration requirement is a general burden on intrastate travel that would not violate the right to intrastate travel. See, e.g., Andreaccio v. Weaver, 674 F. Supp. 3d 1011, 1021 & n.59 (D. Nev. 2023) ("Although there is a constitutional right to travel, that right is not unfettered, and it does not include the right to drive a motor vehicle on public roads free from state-government requirements for licensing and registration." (citing Winsley v. Cook Cnty., 563 F.3d 598, 604 (7th Cir. 2009))).

10

"[T]he United States Supreme Court has made it clear that states can condition the privilege to drive on public roads on compliance with licensing and registration requirements." Id. at 1021 & n.61 (citing Reitz v. Mealey, 314 U.S. 33, 36, 62 S. Ct. 24, 86 L. Ed. 21 (1941); Hendrick v. State of Maryland, 235 U.S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385 (1915)).[4] Therefore, the Section 1983, 1985, and 1986 claims in the Complaint that were based on Plaintiff's allegation that state laws requiring him (and others) to have a driver's license to operate a motor vehicle and requiring that a motor vehicle be registered were meritless. Those claims would have failed as a matter of law, either because there is no right to intrastate travel or, if there is such a right, because driver's licensing and motor vehicle registration requirements do not violate that right. Further, no amendment to those Section 1983, 1985, and 1986 claims would cure the defects in those claims. Cf. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

---

[4] Reitz was overruled in part on other grounds by Perez v. Campbell, 402 U.S. 637 (1971). See Andreaccio, 674 F. Supp. 3d at 1021 n.61.

Thus, although the <u>Younger</u> abstention analysis in the 12/30 Order no longer applies because of the dismissal of Case Number 2DTC-23-04182, this Court declines to reinstate the claims that were dismissed pursuant to the <u>Younger</u> abstention doctrine. This Court therefore denies the portion of the 6/4 Motion that seeks reconsideration of the 12/30 Order based on the dismissal of Case Number 2DTC-23-04182.

## II. <u>Leave to Add New Defendants</u>

This Court has also construed the 6/4 Motion as seeking leave to file a second amended complaint adding new defendants. However, Plaintiff failed to attach his proposed second amended complaint to the 6/4 Motion. Local Rule 10.4 states, in pertinent part:

> Any party . . . moving to file an amended complaint, . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court. A motion . . . to amend a pleading shall be accompanied by the proposed amended pleading in redline format, which must indicate in every respect how the proposed amended pleading differs from the pleading which it amends, by striking through the text to be deleted and underlining the text to be added. . . .

Without the proposed second amended complaint, this Court cannot evaluate whether leave to amend would be appropriate. The portion of the 6/4 Motion requesting leave to add new defendants is therefore denied, but the denial is without prejudice to the

12

filing of a motion seeking leave to file a second amended complaint that complies with Local Rule 10.4. If Plaintiff chooses to file such a motion, it will be considered by the magistrate judge in the normal course.

### III. Leave to File a Third Surreply

Other than the opposition to a motion and the optional reply in support of a motion, "[n]o further or supplemental briefing shall be submitted without leave of court." Local Rule LR7.2. Plaintiff filed two surreplies regarding the Motions to Dismiss Amended Complaint, [dkt. nos. 83, 87,] without obtaining leave from this Court. In light of the fact that Plaintiff is proceeding pro se and because the Motions to Dismiss Amended Complaint could be case-dispositive, this Court will consider docket numbers 83 and 87 in ruling on the Motions to Dismiss Amended Complaint. However, because the arguments that Plaintiff makes in the 6/4 Motion will not aid this Court in its consideration of the issues raised in the Motions to Dismiss Amended Complaint, this Court denies Plaintiff's request to file a third surreply with the arguments contained in the 6/4 Motion. The Motions to Dismiss Amended Complaint are fully briefed, and no further briefing regarding any of the Motions to Dismiss Amended Complaint will be considered unless the filing party obtains leave from this Court **before** that party files

13

further briefing addressing one (or more) of the Motions to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Exparte: Motion for Decree Pro Confesso; Motion for Joinder," filed June 4, 2025, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 10, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. STATE OF HAWAII, ET AL.; CV 24-00040 LEK-KJM; ORDER: (1) CONSTRUING PLAINTIFF'S "EXPARTE: MOTION FOR DECREE PRO CONFESSO; MOTION FOR JOINDER" AS A MOTION SEEKING RECONSIDERATION OF THIS COURT'S DECEMBER 30, 2024 ORDER, SEEKING LEAVE TO ADD NEW DEFENDANTS, AND SEEKING LEAVE TO FILE A THIRD SURREPLY REGARDING THE PENDING MOTIONS TO DISMISS; AND (2) DENYING PLAINTIFF'S MOTION IN ITS ENTIREY**