UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAI`I, JUDICIARY OF HAWAI`I, ANNALISA BERNARD-LEE, DANLYN KAPAKU, JESSICA TAKITANI-MOSES, CHRISTOPHER COBLE, SHELLY MIYASHIRO, WADE MAEDA, JOHN PELLETIER, JARED DUDOIT, JOSH GREEN, SYLVIA LUKE, DOES A THRU Z-999<br><br>          Defendants. | CIV. NO. 24-00040 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTIONS TO**
**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed the First Amended Complaint ("Amended Complaint") on February 26, 2025. [Dkt. no. 70.] Before this Court are:

-Defendants Jessica Takitani-Moses ("Takitani-Moses"), Christopher Coble ("Coble"), Shelly Miyashiro ("Miyashiro"), Wade Maeda ("Maeda"), John Pelletier ("Pelletier"), and Jared Dudoit's ("Dudoit" and collectively "County Defendants")[1] motion to dismiss the Amended Complaint ("County Defendants' Motion"); [dkt. no. 72;]

---

[1] Takitani-Moses, Coble and Miyashiro will be referred to collectively as "the Prosecutor Defendants." Maeda, Pelletier and Dudoit will be referred to collectively as "the Police Defendants."

-Defendants Josh Green ("Governor Green") and Sylvia Luke's ("Lieutenant Governor Luke" and collectively "State Defendants") motion to dismiss the Amended Complaint ("State Defendants' Motion"); [dkt. no. 73;] and

-Defendants the Honorable Annalisa M. Bernard-Lee ("Judge Bernard-Lee") and Danlyn Kapuku's ("Kapuku" and collectively "State Court Defendants") motion to dismiss the Amended Complaint ("State Court Defendants' Motion"), [Dkt. no. 74,]

all filed on March 12, 2025 (collectively ("Motions"). On March 25, 2025, pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed his "Memorandum to Deny Motion(s) to Dismiss; NOTICE UPON THE COURT; *Special Cause*, *Private*" ("Memorandum in Opposition"). [Dkt. no. 79.] The County Defendants and the State Defendants filed their respective replies on April 9, 2025. [Dkt. nos. 81, 82.] Plaintiff filed a "Memorandum in Support of This Special Cause in Private Exclusive Equity and to Deny Motion(s) to Dismiss" on April 14, 2025, and filed a "Memorandum to Deny Motion(s) to Dismiss; Response ECF No. 81" on April 28, 2025. [Dkt. nos. 83, 87.] These filings are construed as surreplies responding to the County Defendants' and the State Defendants' replies.[2]

---

[2] Plaintiff filed docket numbers 83 and 87 without obtaining leaving from this Court. See Local Rule LR7.2 (stating that, other than the opposition to a motion and the optional reply in support of a motion, "[n]o further or supplemental briefing shall be submitted without leave of court"). However, this Court has stated it will consider those filings in ruling on the Motions. [Order: (1) Construing Plaintiff's "Exparte Motion for Decree Pro Confesso; Motion for Joinder" as a Motion Seeking
(. . . continued)

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules"). Defendants' Motions are hereby granted for the reasons set forth below.

## BACKGROUND

Plaintiff filed a "FEDERAL TORT CLAIM re: Deprivation of Right Under Color of Law; Breach of Contract, trespass, Failure to Respond; Civil Rights Violation Under Title 42; Constitutional Question per FRCP Rule 5.1" ("Complaint") on February 1, 2025. [Dkt. no. 1.] On December 30, 2024, this Court issued its Order: Granting in Part and Denying in Part the State Defendants' Motion to Dismiss Complaint, Filed February 1, 2024; and Dismissing Plaintiff's Complaint with Limited Leave to Amend ("12/30 Order"). [Dkt. no. 61.[3]]

---

Reconsideration of this Court's December 30, 2024 Order, Seeking Leave to Add New Defendants, and Seeking Leave to File a Third Surreply Regarding the Pending Motions to Dismiss; and (2) Denying Plaintiff's Motion in its Entirety, filed 7/10/25 (dkt. no. 94) ("7/10 Order"), at 13.]

[3] The 12/30 Order is also available at 2024 WL 5246580. On December 31, 2024, an entering order was issued denying two other motions to dismiss on the ground that they were moot in light of the rulings in the 12/30 Order ("12/31 EO"). [Dkt. no. 62.] On January 22, 2025, Plaintiff filed a motion seeking reconsideration of the 12/30 Order and the 12/31 EO. [Dkt. no. 64.] Plaintiff's motion for reconsideration was denied in an order filed on March 28, 2025 ("3/28 Order"). Dkt. no. 80, *available at* 2025 WL 950036.

In the 12/30 Order, this Court dismissed Plaintiff's Complaint in its entirety, but granted Plaintiff limited leave to amend his claims. [12/30 Order at 28.] This Court dismissed with prejudice Plaintiff's Title 42 United States Code Section 1983, 1985, and 1986 claims seeking damages against both the State Defendants and the State Court Defendants, in their official capacities, based on these Defendants' Eleventh Amendment immunity. [12/30 Order at 11-12, 22.] This Court further dismissed Plaintiff's claims against the State Defendants, in their individual capacities, the State Court Defendants, and the Prosecutor Defendants without leave to amend, pursuant to the Younger abstention analysis, [id. at 17, 22, 24,] which prohibits a federal court from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. See id. at 13-14 (quoting McCoy v. Sequeira, CIV. NO. 20-00384 DKW-RT, 2020 WL 5604031, at 3* (D. Hawai`i Sept. 18, 2020) (discussing Younger v. Harris, 401 U.S. 37 (1971), and its progeny)). In dismissing Plaintiff's Section 1983, 1985, and 1986 claims that were subject to the Younger abstention doctrine, this Court granted Plaintiff limited leave to file a new action subsequent to the conclusion of State v. Jeffrey-Steven, Case Number 2DTC-23-04182, a traffic crime case pending in the State of Hawai`i Second Circuit Court, Wailuku Division ("the state court").

[12/30 Order at 4, 27-28.] This Court also dismissed Plaintiff's Section 1983, 1985, and 1986 claims against the Police Defendants without prejudice for failure state a claim. See id. at 25.

In the 12/30 Order, this Court instructed Plaintiff that, in his amended complaint, he could include:

-the claims that he attempted to allege in the original
    Complaint against the Police Defendants, subject to the
    limitations that he must specify whether he is suing any of
    those defendants in their official capacities, individual
    capacities, or both; and, if Plaintiff is suing them in
    their individual capacities, he must state how each of them
    personally participated in the alleged violation of
    Plaintiff's rights; see id. at 25-26;

-claims for prospective injunctive relief against the State
    Defendants in their official capacities that Plaintiff
    attempted to assert in the original Complaint but were not
    addressed in the 12/30 Order; [id. at 26;]

-claims for damages against the State Defendants in their
    individual capacities that Plaintiff attempted to assert in
    the original Complaint but were not addressed in the 12/30
    Order; [id.;] and

-claims under federal law against Defendant State of Hawai`i
    ("the State") and/or Defendant State Judiciary ("the
    Judiciary"), where there has been an abrogation or waiver
    of sovereign immunity, [id.].

The 12/30 Order expressly stated that the amended complaint must only allege the claims described above against the State, the Judiciary, Governor Green, Lieutenant Governor Luke, Maeda, Pelletier, and/or Dudoit. [Id. at 26-27.]

5

I. **The Amended Complaint**

Plaintiff argues that "[t]he Right to Travel the common ways without license is a Constitutionally protected life and liberty," which is neither addressed or codified by the State nor the Judiciary, and which has "result[ed] in numerous unlawful suits at law in State Courts." [Amended Complaint at ¶¶ F.1-3.] Plaintiff alleges he "serve[d] due process notice to Defendants et al," which "created standard and specific Obligations." [Id. at ¶¶ F.4-5.] Subsequently, the State Defendants allegedly failed to "correct public State statutes, codes and records," which "resulted in a traffic citation on Nov. 3, 2023." [Id. at ¶ E.5.] Plaintiff alleges the traffic citation was therefore based on a false arrest, and that the Prosecutor Defendants, Maeda, Pelletier, and Lieutenant Governor Luke failed to rebut Plaintiff's request for monetary damages through his "Fee Schedule" and therefore acquiesced to his claims.[4] [Id. at ¶¶ E.6-8.]

Plaintiff alleges that the State Court Defendants and Takitani-Moses failed to explicitly define the state court's jurisdiction in Case Number 2DTC-23-004182, constituting

---

[4] The "Fee Schedule" appears to refer to a chart listing "[f]ees now due and payable" on pages 6 and 7 of the first Memorandum A attached to the Amended Complaint. [Dkt. no. 70-1 at PageID.972-93.] The First Memorandum A is a document that Plaintiff filed in Case Number 2DTC-23-004182.

6

constructive fraud. [Id. at ¶¶ E.11, E.14.] Plaintiff argues "[i]t is well established practice and codified into law thru precedent that once Jurisdiction is questioned it must be proved," [id. at ¶ F.7 & 6 (some citations omitted) (citing Maine v. Thiboutot, 448 U.S. 1 (1980)),] and alleges that, on numerous occasions, he "inquired as to subject-matter and personal jurisdiction in the State matter, and if that matter was to be adjudicated under Admiralty, Common Law or an unknown Jurisdiction," [id. at ¶ F.7]. "These inquiries went without answer by the Judge or Prosecution, making [the case] untenable and unable to plead . . . ." [Id.] Further, the "[s]tate court practice, State Statutes and rules being implemented make equity in these matters impossible to attain," violating due process as required by the Fourteenth and Sixth Amendments. [Id. at ¶ E.15.]

Plaintiff argues that the instant case falls under "Equity of Chancery" and seeks "this Chancery Court" to "promulgate new or amended law and statute in Hawaii" to recognize "the right to travel the common ways without a license." [Id. at pg. 1; id. at ¶ G.1.A.] Plaintiff seeks

monetary damages from all defendants as well as injunctive relief in requiring the State to,[5] among other things:

- "inform litigants of the Full Nature and Cause of any action and the exact jurisdiction under which the matter will be adjudicated BEFORE any matter is to proceed and BEFORE suggesting the pro per or pro se litigant is advised to get an attorney"; [id. at ¶ G.1.B (emphases in original);]

- "teach relevant rights of the people including the right to travel the common ways for non-commercial purposes, and the status differences between people living in the private and those operating in the public as US citizens"; [id. at ¶ G.1.C;]

- provide Plaintiff with "two sets of automobile plates . . . . showing to all police [policy] officers exemption from licensing requirements," as well as "identification card(s) . . . without any form of new or required driver's training course or testing," [id. at ¶¶ G.2.D-E (brackets in original)].

## II. The Motions

The County Defendants seek dismissal of the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [County Defs.' Motion, Mem. in Supp. at 4.] They argue: (1) Plaintiff cannot allege claims against the Prosecutor Defendants because this Court dismissed those claims without leave to amend in this case; (2) Plaintiff has neither

---

[5] The 7/10 Order notes that the State is not identified as a defendant in the Amended Complaint, and that Plaintiff sought leave to add the State back in as a defendant, which was denied. [7/10 Order at 5-6.] Since the State is not a party in the Amended Complaint, the request for injunctive relief is liberally construed as being sought against the State Defendants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed[.]" (citation and internal quotation marks omitted)).

identified in what capacity he is suing the Police Defendants nor sufficiently pled a claim that is not based upon the issues before the state court in Case Number 2DTC-23-04182; (3) Plaintiff states no claims against the County of Maui ("the County") and, even if Plaintiff has stated a claim against the County, the claim would be barred by the Younger abstention doctrine;[6] and (4) dismissal with prejudice is warranted. [Id. at 5-11.]

        The State Defendants seek dismissal of the claims against them pursuant to Rule 12(b)(6). [State Defs.' Motion at 2.] They argue: (1) Plaintiff's claims regarding the right to travel are without merit; (2) Plaintiff fails to state a plausible Section 1983 claim; (3) the Younger abstention doctrine remains applicable; and (4) allowing Plaintiff to file a second amended complaint would be futile. [Id., Mem. in Supp. at 5-10.]

        The State Court Defendants seek dismissal of the claims against them pursuant to Rule 12(b)(1) and (6). [State Court Defs.' Motion at 3.] They argue: (1) Plaintiff's claims are based on frivolous legal theories; (2) any claims against the State Court Defendants in their official capacities are barred by the Eleventh Amendment; (3) any claims against the

---

[6] At the time the Motions were filed, Case No. 2DTC-23-04182 was still pending before the state court.

State Court Defendants in their individual capacities are barred by absolute judicial immunity and quasi-judicial immunity; (4) the Court should abstain from exercising jurisdiction over Plaintiff's claims pursuant to the Younger abstention doctrine. [Id. at 2.]

### III. The 7/10 Order

On June 4, 2025, Plaintiff filed a document titled "Exparte: Motion for Decree Pro Confesso; Motion for Joinder" ("6/4 Motion"). [Dkt. no. 89.] Plaintiff requested, among other things, reconsideration of the 12/30 Order based on new evidence of the dismissal of Case Number 2DTC-23-004182 with prejudice. See 6/4 Motion at 2. This Court declined to reinstate Plaintiff's Section 1983, 1985, and 1986 claims that were dismissed pursuant to the Younger abstention doctrine because, although the Younger analysis no longer applied, those claims would have failed as a matter of law, and no amendment to those claims would cure the defects in those claims. [7/10 Order at 12.] This Court also denied Plaintiff's request for leave to add new defendants without prejudice to the filing of a motion seeking leave to file a second amended complaint that complies with Local Rule 10.4, as well as Plaintiff's request to file a third surreply addressing the instant Motions. [Id. at 12-13.]

10

# DISCUSSION

## I. Scope of the Amended Complaint

Although Plaintiff does not cite Sections 1983, 1985, or 1986 in the Amended Complaint, he appears to be asserting claims based on those sections. Further, although Plaintiff refers to a number of different statutes, he does not appear to be asserting claims under those statutes. See, e.g., Amended Complaint at ¶ D (citing Title 28 U.S. Code § 1746(1)); id. at ¶ D.2 (citing Title 18 U.S. Code § 1346); id. at ¶ G.2.F (citing Title 18 U.S. Code § 1346, § 1951(b)(2)-(3), § 242, § 241). The Amended Complaint is therefore liberally construed as only alleging the same Section 1983, 1985 and 1986 claims alleged in the original Complaint.

Plaintiff argues that the "amended complaint moved this matter into Chancery and out of Common Law Jurisdiction," [Mem. in Opp. at 3,] and that the Younger abstention doctrine and the Eleventh Amendment do not apply in cases brought under equity jurisdiction, [id., at 13-14]. The difference in law and equity is relevant to the type of relief sought; Plaintiff seeks relief under law and equity by seeking monetary damages as well as injunctive relief. See Amended Complaint at ¶¶ G.1.A-2.G; Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99, 105 (1945) (stating that the "system of equity derived its doctrines, as well as its powers, from its mode of giving relief" (citation and internal

11

quotation marks omitted)). Moreover, both the Younger abstention doctrine and the Eleventh Amendment are applicable to claims seeking equitable relief. See, e.g., Buckwalter v. Nev. Bd. of Med. Examiners, 678 F.3d 737, 747 (9th Cir. 2012) ("Younger abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions." (citations omitted)); Nice v. Lopez, CIV. NO. 25-00029 JMS-RT, 2025 WL 673454, at *3 (D. Hawai`i Mar. 3, 2025) ("'[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought,' absent unequivocal consent by the state" (alteration in Nice) (quoting Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010))).

The Amended Complaint names the State Court Defendants and the Prosecutor Defendants in claims related to Case Number 2DTC-23-04182. See Amended Complaint at ¶¶ D.8, E.11-14. This Court previously dismissed Plaintiff's claims against the State Court Defendants and the Prosecutor Defendants arising from Case Number 2DTC-23-04182 without leave to amend in the instant case and declined to reinstate those claims in the 7/10 Order. See 12/30 Order at 27-28; 7/10 Order at 12. Therefore, it is unnecessary for this Court to address the claims and arguments

against these defendants. The State Court Defendants' Motion and the County Defendants' Motion are granted insofar as the claims against the State Court Defendants and the Prosecutor Defendants are dismissed with prejudice in the instant case.

## II. Failure to State a Claim

### A. Plaintiff's Claims Against the State Defendants

The State Defendants argue that Plaintiff fails to state a plausible Section 1983 claim against the State Defendants. [State Defs.' Motion, Mem. in Supp. at 7-8.] As noted in the 12/30 Order, the following standards apply to a Section 1983 claim:

> "Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citations omitted). Additionally, a defendant "cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct." Keates v. Koile, 883 F.3d 1228, 1241 (9th Cir. 2018) (citation omitted); see also Park v. City & Cnty. of Honolulu, 292 F. Supp. 3d 1080, 1090 (D. Hawai`i 2018) ("For an individual capacity suit under Section 1983, plaintiff must allege personal participation in the constitutional violation on the part of the individual to subject that person to individual liability." (citation omitted)).

13

[12/30 Order at 18-19 (quoting McCoy v. Hawai`i Dep't of Hum. Serv., CIV. NO. 21-00063 LEK-RT, 2021 WL 5040197, at *7 (D. Hawai`i Oct. 29, 2021)).]

Plaintiff argues that the State Defendants have failed to address the "fundamental right to Travel," see Amended Complaint at ¶ A.1, nor have they addressed the right to operate a vehicle without a driver's license, see id. at ¶ A.3. Plaintiff argues they have failed to "conform State laws and practices" to acknowledge these rights. See id. at ¶ A.2. Plaintiff further argues that this failure to update the law resulted in the traffic citation in Case Number 2DTC-23-004182. See id. at ¶¶ E.4-6. The original Complaint raised the same argument against Governor Green and Lieutenant Governor Luke. See Complaint at PageID.7-8, PageID.16. In the 12/30 Order, this Court emphasized that "any claims asserted against the State Defendants in the amended complaint cannot be based upon on issues before the state court in Case Number 2DTC-23-04182." [12/30 Order at 18.] Because the requirements of the Younger abstention doctrine are no longer met in this case, this Court no longer needs to abstain from Plaintiff's claims that are based upon issues in Case Number 2DTC-23-04182. See 7/10 Order at 8.

However, as stated in the 7/10 Order, "there is no right to intrastate travel, or if there is such a right, . . .

14

driver's licensing and motor vehicle registration requirements do not violate that right." [Id. at 11.] Therefore, Plaintiff's claims against the State Defendants are dismissed because they do not state plausible claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)). Further, because it is absolutely clear that Plaintiff cannot cure the defect in his Section 1983, 1985, and 1986 claims against the State Defendants, the dismissal must be with prejudice. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

### B. **Plaintiff's Claims Against the County Defendants**

The County Defendants argue that the Amended Complaint does not state a plausible claim against the Police Defendants. [County Defs.' Motion, Mem. in Supp. at 6.] Plaintiff alleges the same claims against the Police Defendants as he did in the

15

original Complaint, claiming that they did not "conform . . . [County] practices to acknowledge Travel, a common right," [Amended Complaint at ¶ A.2,] which resulted in the traffic citation against him that led to Case Number 2DTC-23-04182, [id. at ¶ A.7]. See Complaint at PageID.13-14. The right to travel analysis above also applies to Plaintiff's claims against the Police Defendants. These claims are therefore dismissed with prejudice because no amendment to these Section 1983, 1985, and 1986 claims would cure the defect in those claims. See Lucas, 66 F.3d at 248.

## CONCLUSION

For the foregoing reasons, the County Defendants' Motion to Dismiss First Amended Complaint Filed February 26, 2025, [dkt. no. 72,] the State Defendants' Motion to Dismiss First Amended Complaint, Filed February 26, 2025, [dkt. no. 73,] and the State Court Defendants' Motion to Dismiss with Prejudice Plaintiff's First Amended Complaint, filed February 26, 2024 [ECF No. 70], [dkt. no. 74,] all of which were filed on March 12, 2025, are HEREBY GRANTED. Plaintiff's First Amended Complaint, filed February 26, 2025, is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 23, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. STATE OF HAWAII, ET AL; CV 24-00040 LEK-KJM; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

17