UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>            Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAI`I,  JUDICIARY OF HAWAI`I,  ANNALISA BERNARD-LEE, DANLYN KAPAKU,  JESSICA TAKITANI-MOSES,  CHRISTOPHER COBLE,  SHELLY MIYASHIRO,  WADE MAEDA,  JOHN PELLETIER,  JARED DUDOIT,  JOSH GREEN,  SYLVIA LUKE,  DOES A THRU Z-999<br><br>            Defendants. | CIV. NO. 24-00040 LEK-KJM |

**ORDER: DENYING PLAINTIFF'S "MOTION UPON THE COURT FOR, RE: CLARIFICATION; REQUIREMENT IN HONOR AND EQUITY"; ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 2, 2025 ENTERING ORDER; AND DIRECTING THE CLERK'S OFFICE TO ENTER FINAL JUDGMENT AND CLOSE THE CASE**

On November 7, 2025, pro se Plaintiff Jeffrey-Steven of the House of Jarrett ("Plaintiff") filed a document titled "Motion Upon the Court for, RE: Clarification; REQUIREMENT IN HONOR AND EQUITY" ("11/7 Motion"). [Dkt. no. 109.] Plaintiff argues that several orders issued by this Court and an order issued by the magistrate judge are void and must be reversed and/or vacated. See 11/7 Motion at 6-7. The contested orders are:

-this Court's "Order: (1) Construing Plaintiff's 'Exparte: Motion for Decree Pro Confesso; Motion for Joinder' as a

Motion Seeking Reconsideration of this Court's December 30,
2024 Order, Seeking Leave to Add New Defendants, and
Seeking Leave to File a Third Surreply Regarding the
Pending Motions to Dismiss; and (2) Denying Plaintiff's
Motion in Its Entirey [sic]"; [filed 7/10/25 (dkt. no. 94)
("7/10/25 Order");]

-this Court's Order Granting Defendants' Motions to Dismiss
Plaintiff's First Amended Complaint; [filed 7/23/25 (dkt.
no. 95) ("7/23/25 Order");]

-this Court's entering order titled "EO: Court Order Regarding
Plaintiff's 'Notice of Correction; Requirement in Equity,'"
filed on July 25, 2025 ("7/25/25 EO", [dkt. no. 96,] which
construed what became docket number 97 as Plaintiff's
motion for reconsideration of the 7/10/25 Order, see
7/25/25 EO at PageID.1292;

-this Court's entering order titled "EO: Court Order Denying
Plaintiff's Motion for Reconsideration of this Court's
July 10, 2025 Order; and Issuing a Deadline to File a
Motion for Leave to File a Second Amended Complaint," filed
August 5, 2025 ("8/5/25 EO"); [dkt. no. 98;]

-the magistrate judge's entering order titled "EO: Court Order
Denying [102] Plaintiff's Motion for Leave to Amend," filed
on October 2, 2025 ("10/2/25 EO"); [dkt. no. 103;] and

-this Court's entering order titled "EO: Order Denying the
Portions of Plaintiff's 'Motion upon the Court: ECF 94 Is
Void for Fraud upon the Court, ECF 103 Is Void as ECF Is
Void' that Seek Reconsideration of Orders Issued by this
Court," filed on October 21, 2025 ("10/21/25 EO"), [dkt.
no. 105,] which construed Plaintiff's docket number 104 as
seeking, among other things, reconsideration of the 7/10/25
Order and the 7/23/25 Order, see 10/21/25 EO at
PageID.1393.

On November 28, 2025, Plaintiff filed a document titled "Motion

Upon the Court for CLARIFICATION OF EXCLUSIVE EQUITY

JURISDICTION" ("11/28 Filing"). [Dkt. no. 111.] Plaintiff's

11/28 Filing is liberally construed as a supplemental memorandum

in support of the 11/7 Motion. See Erickson v. Pardus, 551 U.S.

89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed[.]" (citation and internal quotation marks omitted)).

The 11/7 Motion has been considered as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiff's 11/7 Motion, as supplemented by Plaintiff's 11/28 Filing, is denied for the reasons set forth below. Further, the magistrate judge's 10/2/25 EO is adopted, and the Clerk's Office is directed to enter final judgment and close this case, pursuant to the 7/23/25 Order.

<u>**BACKGROUND**</u>

Plaintiff initiated this action on February 1, 2024. <u>See</u> "FEDERAL TORT CLAIM re: Deprivation of Right Under Color of Law; Breach of Contract, trespass, Failure to Respond; Civil Rights Violation Under Title 42; Constitutional Question per FRCP Rule 5.1" ("Complaint"), filed 2/1/24 (dkt. no. 1). On December 30, 2024, this Court issued its Order: Granting in Part and Denying in Part the State Defendants' Motion to Dismiss Complaint, Filed February 1, 2024; and Dismissing Plaintiff's Complaint with Limited Leave to Amend ("12/30/24 Order"). [Dkt.

no. 61.[1]] Plaintiff filed the First Amended Complaint ("Amended Complaint") on February 26, 2025. [Dkt. no. 70.] The 7/23/25 Order dismissed the Amended Complaint with prejudice. [7/23/25 Order at 16.[2]]

The factual basis of the Amended Complaint was essentially the same as the factual basis of the Complaint, and the factual basis of the Complaint was described in the 12/30/24 Order. See 12/30/24 Order at 2-6. The claims and legal arguments in the Amended Complaint are described in the 7/23/25 Order. See 7/23/25 Order at 6-8. Those summaries of the factual and legal bases of Plaintiff's claims are incorporated in the instant Order and will not be repeated here.

Before the 7/23/25 Order was issued, Plaintiff filed a motion that included a request for leave to file a second amended complaint adding new defendants. See "Exparte: Motion for Decree Pro Confesso; Motion for Joinder," filed 6/4/25 (dkt. no. 89) ("6/4 Motion"), at 2. The 7/10/25 Order denied that request because Plaintiff failed to attach a proposed second amended complaint to the 6/4 Motion, as required by Local

_____

[1] The 12/30/24 Order is also available at 2024 WL 5246580. On December 31, 2024, an entering order was issued denying two other motions to dismiss on the ground that they were moot in light of the rulings in the 12/30/24 Order ("12/31/24 EO"). [Dkt. no. 62.]

[2] The 7/23/25 Order is also available at 2025 WL 2083202.

Rule 10.4. [7/10/25 Order at 12-13.] The denial of the request
was without prejudice to the filing of a motion for leave to
file a second amended complaint that complied with Local
Rule 10.4 ("Motion for Leave"). [Id. at 13.]

On July 23, 2025, Plaintiff submitted a document
titled "Notice of Correction; Requirement in Equity." [Dkt.
no. 97.] Docket number 97 was liberally construed as a motion
for reconsideration of the 7/10/25 Order. See 7/25/25 EO at
PageID.1292.

The 8/5/25 EO explained that, in light of the 7/23/25
Order's dismissal of the Amended Complaint with prejudice,
unless Plaintiff filed a Motion for Leave and the magistrate
judge granted the Motion for Leave, there would be no operative
pleading in this case. See 8/5/25 EO at PageID.1316. The 8/5/25
EO warned Plaintiff that, if he chose not to file a Motion for
Leave, or if he filed a Motion for Leave and the motion was
denied, judgment would be entered pursuant to the 7/23/25 Order,
and the case would be closed. See id. Plaintiff filed his Motion
for Leave to Amend on September 24, 2025, [dkt. no. 102,] and
the motion included a proposed Second Amended Complaint, [dkt.
no. 102-1]. The magistrate judge denied the Motion for Leave to
Amend, concluding that granting Plaintiff leave to amend would
be futile. [10/2/25 EO at PageID.1379-80.]

On October 14, 2025, Plaintiff filed a document titled "Motion Upon the Court: ECF 94 is Void for Fraud upon the Court, ECF 103 is Void as ECF is Void" ("10/14 Motion"). [Dkt. no. 104.] In the 10/21/25 EO, this Court construed Plaintiff's 10/14 Motion as requesting reconsideration of the 7/10/25 Order and the 7/23/25 Order. This Court denied both requests for reconsideration, [10/21/25 EO at PageID.1395-96,] and referred the remaining portions of the 10/14 Motion to the magistrate judge, [id. at PageID.1393]. In an order issued on November 14, 2025, the magistrate judge denied the referred portions of the 10/14 Motion. [Dkt. no. 110.]

In the 11/7 Motion, Plaintiff argues this Court erred in construing docket numbers 97 and 104 as motions for reconsideration.[3] See 11/7 Motion at 6-7, 13-14, 17-18. Plaintiff argues that, because this Court improperly construed those filings as motions for reconsideration, the 7/10/25 Order, 7/23/25 Order, 7/25/25 EO, 8/5/25 EO, 10/2/25 EO, and 10/21/25 EO "must be reversed / vacated." See id. at 6-7. Plaintiff also argues the orders at issue in the 11/7 Motion must be vacated because this Court had made various errors, including in: analyzing Plaintiff's right to travel; see, e.g., id. at 4-7;

_____

[3] Docket number 97 was Plaintiff's "Notice of Correction; Requirement in Equity," filed on July 23, 2025 ("7/23 Motion"). Docket number 104 is the 10/14 Motion.

id., Mem. A in Supp. at 3-5; failing to apply equitable remedies and equitable jurisdiction; see, e.g., 11/7 Motion at 7-10, 16; and analyzing the Younger abstention doctrine, see id. at 10.[4]

**DISCUSSION**

I.    **Review of this Court's Orders**

Plaintiff states both that: he brings the 11/7 Motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6); see 11/7 Motion, Mem. A in Supp. at 2; and the 11/7 Motion "is NOT a motion for reconsideration under Fed. R. Civ. P. 59(e) or any Local Rule," but "a jurisdictional objection and invocation pursuant to Fed. R. Civ. P. 12(h)(3) and Article III, Section 2 of the United States Constitution," [11/7 Motion, Mem. B in Supp. at 1 (emphasis in original)]. However, "[t]he moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested." United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) (citation omitted).

---

[4] Plaintiff argues this Court "dismissed a colorable constitutional claim . . . solely on res judicata or other State claim - a procedural legal bar – without weighing equitable exceptions." [11/7 Motion at 10.] Neither the 12/30/24 Order, the 7/10/25 Order, nor the 7/23/25 Order discussed res judicata. This argument is therefore liberally construed as challenging this Court's Younger abstention analysis. See 12/30/24 Order at 13-17; 7/10/25 Order at 8-12; 7/23/25 at 15. The Younger abstention doctrine was established in Younger v. Harris, 401 U.S. 37 (1971), and its progeny. See 12/30/24 Order at 13-14 (quoting a description of the doctrine).

The 11/7 Motion argues the 7/10/25 Order, 7/23/25 Order, 7/25/25 EO, 8/5/25 EO, 10/2/25 EO, and 10/21/25 EO are void and must be reversed or vacated. See, e.g., 11/7 Motion at 6-7. To the extent that Plaintiff argues this Court should reverse its prior orders and rule in his favor, the type of relief he seeks is reconsideration of those decisions. See Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Hawai`i 2007) ("The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (citation omitted)). Thus, regardless of how Plaintiff characterizes the 11/7 Motion, the portion of the motion requesting that this Court's prior orders be reversed or vacated constitutes a motion for reconsideration of those orders.

Similarly, to the extent that the 11/7 Motion argues this Court erred in construing the 7/23 Motion and the 10/14 Motion as motions for reconsideration, that portion of the 11/7 Motion is denied. In spite of the manner in which Plaintiff characterized the 7/23 Motion and the 10/14 Motion, because of the relief sought in those motions, they were properly construed as motions for reconsideration. See 7/23 Motion at 9 (arguing

8

the 7/10/25 Order should be stricken); 10/14 Motion at 5, ¶ 10

(arguing the 7/10/25 Order "is contrary to law and equity").

As to the remaining portion of the 11/7 Motion that

seeks reconsideration of the 7/10/25 Order, 7/23/25 Order,

7/25/25 EO, 8/5/25 EO, and 10/21/25 EO, the following standards

apply.

Local Rule 60.1 states, in relevant part:

Motions seeking reconsideration of case-
dispositive orders shall be governed by Fed. R.
Civ. P. 59 or 60, as applicable. Motions for
reconsideration of interlocutory orders may be
brought only upon the following grounds:

(a)  Discovery of new material facts not
previously available;

(b)  Intervening change in law; and/or

(c)  Manifest error of law or fact.

Motions asserted under subsection (c) of
this rule must be filed and served within
fourteen (14) days after the court's order is
issued.

Motions for reconsideration are disfavored.
A motion may not repeat arguments already made,
unless necessary to present one or more of the
permissible grounds for the reconsideration
request, as set forth above. . . .

A.    **Reconsideration of the 7/23/25 Order**

This Court has previously stated that the 7/23/25

Order is a dispositive order, and that the standards in Federal

Rules of Civil Procedure 60 apply because there has been no

trial in this case, and no judgment has been entered. See

10/21/25 EO at PageID.1395. Rule 60(b) states:

> On motion and just terms, the court may relieve a
> party or its legal representative from a final
> judgment, order, or proceeding for the following
> reasons:
>
>> (1)  mistake, inadvertence, surprise, or
>> excusable neglect;
>>
>> (2)  newly discovered evidence that, with
>> reasonable diligence, could not have been
>> discovered in time to move for a new trial
>> under Rule 59(b);
>>
>> (3)  fraud (whether previously called
>> intrinsic or extrinsic), misrepresentation,
>> or misconduct by an opposing party;
>>
>> (4)  the judgment is void;
>>
>> (5)  the judgment has been satisfied,
>> released, or discharged; it is based on an
>> earlier judgment that has been reversed or
>> vacated; or applying it prospectively is no
>> longer equitable; or
>>
>> (6)  any other reason that justifies relief.

The 11/7 Motion does not present new evidence, nor does it

establish that the 7/23/25 Order was obtained through fraud.

Further, the 11/7 Motion does not establish that the 7/23/25

Order is based on a judgment that meets the requirements of

Rule 60(b)(5). Thus, the portion of the 11/7 Motion seeking

reconsideration of the 7/23/25 Order cannot be construed as

brought pursuant to Rule 60(b)(2), (3), or (5).

The 11/7 Motion alleges the challenged orders are void, see, e.g., 11/7 Motion at 17, and that this Court made errors in its analysis, see, e.g., id. at 10. However, Plaintiff's assertions that this Court's orders are void are, in reality, arguments that this Court made errors of law in the challenged orders. See, e.g., id., Mem. A in Supp. at 5 (arguing "the portion of the order(s) denying the right to intrastate travel [are] void ab initio"). This Court therefore does not construe the portion of the 11/7 Motion seeking reconsideration of the 7/23/25 Order as brought pursuant to Rule 60(b)(4).

The portion of the 11/7 Motion seeking reconsideration of the 7/23/25 Order is construed as brought pursuant to Rule 60(b)(1) and (6). See Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2020 WL 3513230, at *2 (D. Hawai`i June 29, 2020) ("The Ninth Circuit has explained that a claim of legal error may be appropriate under either Rule 60(b)(1) as a 'mistake' or under the 'catchall' provision that is Rule 60(b)(6)." (citing In re Int'l Fibercom, Inc., 503 F.3d 933, 940 n.7 (9th Cir. 2007))).

The arguments that Plaintiff makes in the 11/7 Motion are the same as the arguments that he made in prior motions for reconsideration. For example, Plaintiff again argues that this Court should have applied equity principles and preserved his constitutional right to travel. See 11/7 Motion at 10; see also

11

10/21/25 EO at PageID.1395-96 (noting that Plaintiff made a similar argument with regard to the 7/10/25 Order and rejecting the argument for the same reasons stated in the 8/5/25 EO). Plaintiff merely disagrees with this Court's rulings in the 7/23/25 Order, and a party's mere disagreement with a court's order is not grounds for reconsideration under either Rule 60(b)(1) or Rule 60(b)(6). See Greenspon, 2020 WL 3513230, at *2 (concluding that the plaintiff's disagreement with the ruling on his prior arguments did not constitute a mistake for purposes of Rule 60(b)(1) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991); Stephens v. Cty. of Haw. Police Dep't, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014))); id. at *3 ("Disagreement is . . . not an extraordinary circumstance." (citing Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) ("A party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.")))). The portion of the 11/7 Motion seeking reconsideration of the 7/23/25 Order is therefore denied.

**B.    Reconsideration of the 7/10/25 Order and the EOs**

This Court has previously stated that Local Rule 60.1 applies to a motion for reconsideration of the 7/10/25 Order because it is an interlocutory order. See 8/5/25 EO at

PageID.1314. The 7/25/25 EO, 8/5/25 EO, and 10/21/25 EO are also interlocutory orders because they did not dispose of any claims in this case, and the reconsideration standard in Local Rule 60.1 applies to the portion of the 11/7 Motion seeking reconsideration of those entering orders.

The arguments in the 11/7 Motion contend that this Court made various errors of law in the contested orders. Motions for reconsideration brought pursuant to Local Rule 60.1 that assert errors of law must be filed within fourteen days after the challenged order was filed. See Local Rule LR60.1. To the extent that the 11/7 Motion seeks reconsideration of the 7/10/25 Order, 7/25/25 EO, and 8/5/25 EO, it is denied because Plaintiff's assertions of manifest errors of law in those orders were made well beyond the fourteen-day period specified in Local Rule 60.1. Plaintiff's request for reconsideration of the 10/21/25 EO was also filed more than fourteen days after the 10/21/25 EO was issued, but because Plaintiff sought reconsideration three days after the Local Rule 60.1 deadline, this Court will consider Plaintiff's arguments challenging the 10/21/25 EO.

In considering a motion for reconsideration pursuant to Local Rule 60.1, this Court stated:

a motion for reconsideration

> "must accomplish two goals. First, a motion
> for reconsideration must demonstrate reasons
> why the court should reconsider its prior
> decision. Second, a motion for
> reconsideration must set forth facts or law
> of a strongly convincing nature to induce
> the court to reverse its prior decision."
> See Davis v. Abercrombie, Civil No. 11-00144
> LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii
> June 2, 2014) (citation and internal
> quotation marks omitted). . . . "Mere
> disagreement with a previous order is an
> insufficient basis for reconsideration."
> Davis, 2014 WL 2468348, at *3 n.4 (citations
> and internal quotation marks omitted).
>
> Riley v. Nat'l Ass'n of Marine Surveyors, Inc.,
> Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at
> *1 (D. Hawai`i Sept. 25, 2014). . . .

Heu v. Waldorf=Astoria Mgmt. LLC, CIVIL 17-00365 LEK-RLP, 2018
WL 2011905, at *1-2 (D. Hawai`i Apr. 30, 2018) (first alteration
in Heu).

This Court has already rejected Plaintiff's argument
that the 10/21/25 EO should be reversed or vacated because this
Court improperly construed Plaintiff's 10/14 Motion, in part, as
a motion for reconsideration. Plaintiff also argues this Court
erred in failing to apply equitable principles in the 10/21/25
EO. See 11/7 Motion at 18. Plaintiff merely disagrees with this
Court's rulings in the 10/21/25 EO, and a party's disagreement
with a prior court order is not grounds for reconsideration. See
Alefosio v. Haw. Equal Emp. Opportunity Comm'n, CIV. NO. 24-
00329 JMS-RT, 2025 WL 1449029, at *1 (D. Hawai`i May 1, 2025)

14

(stating, in addressing a Local Rule 60.1 motion for
reconsideration, that "[m]ere disagreement with a previous order
is an insufficient basis for reconsideration" (citation
omitted)).

The portion of the 11/7 Motion seeking reconsideration
of the 7/10/25 Order, 7/25/25 EO, 8/5/25 EO, and 10/21/25 EO is
therefore denied.

## II.  Review of the Magistrate Judge's 10/2/25 EO

To the extent that the 11/7 Motion asks this Court to
review the magistrate judge's 10/2/25 EO, the following
standards apply.

> [Title 28 United States Code] Section 636(b)(1)
> and its procedural counterpart, Federal Rule of
> Civil Procedure 72, create a distinction between
> "non-dispositive" pretrial motions that may be
> referred to a magistrate judge for a decision and
> "case-dispositive motions" that "may be referred
> only for evidentiary hearing, proposed findings,
> and recommendations" to the district court unless
> the parties agree otherwise. Flam v. Flam, 788
> F.3d 1043, 1046 (9th Cir. 2015) (quoting United
> States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th
> Cir. 2003) (en banc)). When a magistrate judge
> rules on a non-dispositive matter, a district
> judge may "reconsider" that ruling only if it is
> "clearly erroneous or contrary to law." 28 U.S.C.
> § 636(b)(1)(A); accord Fed. R. Civ. P. 72(a). But
> when a magistrate judge issues a report and
> recommendation on a dispositive matter, a
> district judge must "make a de novo determination
> of those portions of the report or specified
> proposed findings or recommendations to which
> objection is made." Id. § 636(b)(1)(C); see also
> Fed. R. Civ. P. 72(b)(3).

15

CPC Pat. Techs. Pty Ltd. v. Apple, Inc., 34 F.4th 801, 803-04

(9th Cir. 2022) (footnote omitted).

        Nondispositive matters are those "pretrial matter[s]

not dispositive of a party's claim or defense . . . ." Fed. R.

Civ. P. 72(a). "Under [Ninth Circuit] caselaw, to determine

whether a magistrate judge's ruling denying a motion is

dispositive, [the Ninth Circuit] examine[s] whether the denial

of the motion effectively disposes of a claim or defense or

precludes the ultimate relief sought." Bastidas v. Chappell, 791

F.3d 1155, 1164 (9th Cir. 2015) (citations omitted).

            Where the magistrate judge's order,
            findings, and/or recommendations involve a
            dispositive matter, . . . the Court must review
            de novo those portions to which objections are
            made and "may accept, reject, or modify, in whole
            or in part, the findings or recommendations made
            by the magistrate judge." 28 U.S.C.
            § 636(b)(1)(C); see also Local Rule 74.2; Fed. R.
            Civ. P. 72(b). Under a de novo standard, the
            Court reviews "the matter anew, the same as if it
            had not been heard before, and as if no decision
            previously had been rendered." Freeman v.
            DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir.
            2006).

Batiste v. Sun Kona Fin. I, LLC, Civ. No. 15-00397 ACK-KSC, 2016

WL 756556, at *4 (D. Hawai`i Feb. 26, 2016).

        Because the magistrate judge's 10/2/25 EO denied

Plaintiff leave to file a second amended complaint, there is no

operative pleading in this case. The 10/2/25 EO must therefore

be reviewed as an order involving a dispositive matter. The only

16

specific argument that Plaintiff makes regarding the 10/2/25 EO
is his argument that the 10/2/25 EO must be reversed or vacated
as void ab initio because "[a] U.S. District Judge who denies or
dismisses a right that the Supreme Court has explicitly held
which is constitutionally protected acts contrary to the supreme
law of the land." See 11/7 Motion at 6-7 (emphasis and citation
omitted).

In the 10/2/25 EO, the magistrate judge denied
Plaintiff's Motion for Leave to Amend because: 1) the proposed
Second Amended Complaint was not in redline format; 2) the
Motion for Leave to Amend did not explain how the proposed
Second Amended Complaint differed from the Amended Complaint;
3) the proposed Second Amended Complaint violated Federal Rule
of Civil Procedure 8; and 4) the proposed Second Amended
Complaint attempted to assert claims that this Court previously
dismissed with prejudice. [10/2/25 EO at PageID.1379.] The
magistrate judge concluded that granting Plaintiff leave to
amend would be futile because, in spite of having multiple
opportunities to amend his complaint, Plaintiff failed to cure
the defects that this Court and the magistrate judge have
identified. [Id. at PageID.1380.]

Plaintiff does not contest the fact that the proposed
Second Amended Complaint attached to the Motion for Leave to
Amend was not in redline format, nor does he contest the fact

17

that the Motion for Leave to Amend did not explain the differences between the Amended Complaint and the proposed Second Amended Complaint. Further, this Court agrees with the magistrate judge that the proposed Second Amended Complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Plaintiff has not cited, nor is this Court aware of any, authority ruling that either Local Rule 10.4 or Federal Rule of Civil Procedure 8 is unconstitutional. Thus, to the extent that the 10/2/25 EO denied Plaintiff leave to amend because Plaintiff failed to comply with Local Rule 10.4 and Federal Rule of Civil Procedure 8, the 10/2/25 EO did not violate Plaintiff's constitutional rights.

        Plaintiff's argument appears to be that the 10/2/25 EO violated his constitutional rights because the magistrate judge did not allow Plaintiff to file the proposed Second Amended Complaint. This Court agrees with the magistrate judge that the proposed Second Amended Complaint asserts the claims that were previously dismissed with prejudice. See, e.g., proposed Second Amended Complaint at pg. 12 ("An exhaustive review of the HRS exposes a profound statutory lacuna: the term 'travel' – and any affirmation of the constitutional right to private intrastate travel - is absent. Titles governing transportation (HRS Chapters 286 and 291) regulate 'driving' through licensing,

18

registration, and penalties (e.g., up to $1,000 fines for
unlicensed driving under HRS § 286-102, $5-$20 annual licensing
fees, and bail bonds for citation releases) without
acknowledging the distinction between private travel (a right)
and commercial transport (a privilege)."); 7/23/25 Order at 14-
15 ("[A]s stated in the 7/10[/25] Order, 'there is no right to
intrastate travel, or if there is such a right, . . . driver's
licensing and motor vehicle registration requirements do not
violate that right.'" (some alterations in 7/23/25 Order)
(quoting 7/10/25 Order at 11)). Because Plaintiff's proposed
Second Amended Complaint restates claims that were previously
dismissed by this Court with prejudice, Plaintiff's challenge to
the magistrate judge's denial of the Motion for Leave to Amend
in effect reiterates Plaintiff's position that this Court should
have allowed the claims in the Amended Complaint to go forward.
Thus, Plaintiff's request for review of the magistrate judge's
10/2/25 EO raises the same arguments that Plaintiff raised in
his motions for reconsideration of the 7/10/25 Order and the
7/23/25 Order. Those arguments are rejected for the same reasons
set forth above.

　　　　Plaintiff has not established any reason why this
Court should reject or modify the magistrate judge's 10/2/25 EO.
This Court therefore denies any objection that Plaintiff raises
in the 11/7 Motion and adopts the magistrate judge's 10/2/25 EO.

In light of the denial of Plaintiff's Motion for Leave to Amend and the prior dismissal of the Amended Complaint with prejudice, there is no operative pleading in this case. Final judgment must therefore be entered pursuant to the 7/23/25 Order. See 8/5/25 EO at PageID.1316.

**CONCLUSION**

For the foregoing reasons, Plaintiff's "Motion Upon the Court for, RE: Clarification; REQUIREMENT IN HONOR AND EQUITY," filed November 7, 2025, as supplemented by Plaintiff's "Motion Upon the Court for CLARIFICATION OF EXCLUSIVE EQUITY JURISDICTION," filed November 28, 2025, is HEREBY DENIED in its entirety. Further, this Court ADOPTS the magistrate judge's entering order filed on October 2, 2025, which denied Plaintiff's Motion for Leave to Amend, filed September 24, 2025.

Because Plaintiff's request for leave to file a second amended complaint has been denied, the Clerk's Office is DIRECTED to enter final judgment and close this case, pursuant to this Court's July 23, 2025 Order Granting Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. Judgment shall be entered on **January 14, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2025.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

JEFFREY-STEVEN OF THE HOUSE OF JARRETT VS. STATE OF HAWAII,
ET AL.; CV 24-00040 LEK-KJM; ORDER: DENYING PLAINTIFF'S "MOTION
UPON THE COURT FOR, RE: CLARIFICATION; REQUIREMENT IN HONOR AND
EQUITY"; ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 2, 2025
ENTERING ORDER; AND DIRECTING THE CLERK'S OFFICE TO ENTER FINAL
JUDGMENT AND CLOSE THE CASE